IN THE MATTER OF: LISA MICKLE, DOB 9/9/69

No. 8614DC911

(Filed 3 March 1987)

**Parent and Child § 2.2— child whipped as punishment—temporary bruises on but-
tocks—no disfigurement—no abuse**

   Temporary bruisings of a sixteen year old's buttocks caused by whippings
   with a belt and a switch administered by her father as a means of discipline
   were not "disfigurement" under N.C.G.S. § 7A-517(1)a, despite opinion
   testimony from two doctors that the bruises, though temporary, were never-
   theless disfiguring, and the petition alleging that the child was abused,
   neglected, and dependent was therefore properly dismissed.

   APPEAL by petitioner Durham County Department of Social
Services and Guardian *ad litem* from *Chaney, Judge.* Order en-
tered 29 July 1986 in District Court, DURHAM County. Heard in
the Court of Appeals 14 January 1987.

   The Durham County Department of Social Services brought
this action, alleging that Lisa Mickle, then 16 years old, was an
abused, neglected and dependent juvenile within the meaning of
G.S. 7A-517. The basis alleged for the petition is that on one occa-
sion her father whipped her with a belt and on another with a
switch, in each instance leaving temporary marks and bruises on
her buttocks and thighs, and that such injuries would probably be
repeated if the child remained with her parents. Following a hear-
ing on the merits the District Court made findings of fact to the
effect that: Her parents punished the child because she had re-
peatedly misbehaved and disobeyed their instructions in various
ways, a recital of which here would serve no purpose. Based on
the findings the court concluded that the child was not abused,
neglected, and dependent as defined by G.S. 7A-517 and dismissed
the petition.

   *John W. Woodson, Guardian ad litem, for appellants.*

   *Richard B. Harper for respondent appellees Billy and Donna
Mickle.*

   PHILLIPS, Judge.

   An abused juvenile is variously defined in G.S. 7A-517; the
definition that governs this case is contained in G.S. 7A-517(1)a as
follows:

In re Mickle

(1) Abused Juveniles.—Any juvenile less than 18 years of age whose parent or other person responsible for his care:

> a. Inflicts or allows to be inflicted upon the juvenile a physical injury by other than accidental means which causes or creates a substantial risk of death, disfigurement, impairment of physical health, or loss or impairment of function of any bodily organ; . . .

In essence the appeal of the Department of Social Services and Guardian *ad litem* rests upon the contention that the trial court erred in finding as a fact that the whippings above described did not cause or create a substantial risk of any disfigurement or impairment of health or bodily function and in concluding as a matter of law that the temporary bruising of the child's buttocks was not a "disfigurement" under the statute. The basis for this contention is that two doctors testified without contradiction that though the bruises on the juvenile's buttocks and thighs were temporary and had no permanent effect upon her body or health that they were nevertheless "disfiguring" in their opinion. Sifted down, the appellants' position is that the court was obliged to accept the doctors' interpretation of the word "disfigurement" as used in G.S. 7A-517(1)a. This contention—reminiscent of the declaration of Humpty-Dumpty in *Through the Looking-Glass and What Alice Found There*, by Lewis Carroll, that

> "When I use a word, it means just what I choose it to mean—neither more nor less"

—is patently fallacious. Witnesses, even those who are medical experts, do not determine the meaning of words used in legislative enactments; courts do that, and the trial court correctly determined that a temporary bruising is not a "disfigurement" under G.S. 7A-517(1)a. By using the word "disfigurement" instead of words of transient import such as bruise, abrasion, contusion, discoloration, marks, or stripes in context with other words clearly indicating permanency—"death," "impairment of physical health," "loss or impairment of function of any bodily organ"—the General Assembly obviously intended to limit the application of this statute to injuries permanent in their effect. We know of no authority for the proposition that a bruise of temporary effect is a "disfigurement" within contemplation of either the criminal or civil law, and appellants cite none. On the other hand, the implica-

tion of permanency that attaches to the word "disfigurement" has been recognized by our Supreme Court in several different settings. *State v. Malpass*, 226 N.C. 403, 38 S.E. 2d 156 (1946); *Branham v. Denny Roll & Panel Co.*, 223 N.C. 233, 25 S.E. 2d 865 (1943).

The child having sustained no disfigurement within the contemplation of G.S. 7A-517(1)a, the petition had no legal basis and it was properly dismissed by the court.

Affirmed.

Judges BECTON and JOHNSON concur.