IN RE: CRYSTAL LYNN HAYDEN

No. 8922DC107

(Filed 17 October 1989)

1. **Parent and Child § 2.3 (NCI3d)— child abuse and neglect—
mother's out-of-court statements to social workers—testimony
by social workers properly admitted**

In a hearing to determine if a child was abused and
neglected social workers were properly permitted to testify
pursuant to N.C.G.S. § 8C-1, Rule 801(d) as to respondent's
wife's out-of-court statements to them that respondent did
not properly care for the children, excessively disciplined them,
abused illegal drugs and alcohol in their presence, and was
violent in his behavior, since the wife was a party to this
action, and her statements to the social workers about her
husband's conduct could only be reasonably considered as ad-
missions by her that the child was subjected to conduct in
her presence which could be found to be abusive and neglectful.

**Am Jur 2d, Evidence §§ 508 et seq., 610-612.**

2. **Evidence § 33.2 (NCI3d); Parent and Child § 2.3 (NCI3d)—
child abuse and neglect—child's memory of previous day's
events—hearsay statement inadmissible**

In a hearing to determine if a child was abused and
neglected, a hearsay statement of the child which pertained
to her memory of the previous day's events and was offered
solely for the purpose of proving such events was clearly ex-
cluded by N.C.G.S. § 8C-1, Rule 803(3).

**Am Jur 2d, Evidence §§ 493, 500.**

IN RE HAYDEN

[96 N.C. App. 77 (1989)]

3. **Evidence § 33 (NCI3d) — child's statement — inadmissibility under residual hearsay exception — notice requirements not complied with**

A child's statement was not admissible under the N.C.G.S. § 8C-1, Rule 803(24) residual hearsay exception, since the Rule's notice requirements were not complied with.

**Am Jur 2d, Evidence §§ 493, 500.**

4. **Parent and Child § 2.3 (NCI3d); Evidence § 50.2 (NCI3d) — child — burns — physician's testimony as to cause properly admitted**

In a hearing to determine if a child was abused and neglected the trial court did not err in admitting the opinion testimony of the examining physician that burns on the child were not the result of accident. N.C.G.S. § 8C-1, Rule 702.

**Am Jur 2d, Expert and Opinion Evidence §§ 243 et seq.**

5. **Parent and Child § 2.3 (NCI3d) — child burned — medical treatment refused by father — sufficiency of evidence of abuse and neglect**

Evidence before the trial court was sufficient to support its findings of abuse and neglect where the evidence tended to show that the child, while in respondent's sole care, suffered multiple burns over a wide portion of her body; no accidental cause was established, and the child in fact stated that respondent burned her; the burns were serious, requiring prompt medical attention; respondent did not seek treatment for the child's injuries and refused to permit the social worker to do so; and the child was taken for treatment only upon the intervention of the sheriff's department.

**Am Jur 2d, Infants §§ 16, 17.**

APPEAL by respondent-father from *Harbinson, Kimberly T., Judge.* Judgment entered 26 October 1988 in ALEXANDER County District Court. Heard in the Court of Appeals 19 September 1989.

On 2 September 1988 a juvenile petition pursuant to N.C. Gen. Stat. § 7A-560 was filed by the Alexander County Department of Social Services against Frank Jones, respondent-appellant, and Tonia Jones, parents of the juvenile, Crystal Lynn Hayden, alleging abuse and neglect as defined by G.S. § 7A-517. The evidence at

## IN RE HAYDEN

[96 N.C. App. 77 (1989)]

the 26 October proceeding in the district court tended to establish that at about 7:30 p.m. on 1 September 1988, the Iredell County Department of Social Services received a telephone call alleging that a child at the Jones' residence had been seriously burned and was in need of medical care. A social worker immediately investigated and found the child, Crystal Hayden, age three, and her siblings to be solely in the care of respondent, the mother being at work. The social worker examined the child and observed burns under her left arm, other burns down her chest, and pronounced redness on her cheek and mouth. When asked how the child had been burned, respondent stated that the burns were caused by a curling iron which his wife had left on that morning. He denied inflicting the burns. The social worker informed respondent that the injuries appeared to be serious and urged him to seek medical treatment for the child. Respondent replied that he would do so, upon the mother's return. Follow-up calls later that evening by the social worker to area hospitals revealed that the child had not been taken for treatment.

The next morning, the mother called the social worker and informed her that the parents were treating the child at home. The case was transferred to the Alexander County Department of Social Services, it being determined that the Joneses resided in that county, and a second social worker went out to the family's home. This social worker also met with respondent, who again denied that he had inflicted the burns. A request for permission to take the child for free medical treatment was denied. The social worker then sought assistance from the Alexander County Sheriff, obtaining authorization to take the child for treatment, over respondent's continued opposition. The examining physician determined that the child had suffered a deep second-to-third-degree burn under her arm, possibly requiring skin grafting, further second-degree burns on her face, and first-degree burns on her chest. While in the doctor's office, the child stated to the medical assistant — in the hearing of both the doctor and the social worker — that, "My daddy burned me . . . because I was bad."

From the facts found by clear and convincing evidence, the court concluded that the child was abused and neglected and ordered that she be placed in the legal custody of the Alexander County Department of Social Services, physical custody to be retained by the mother. The court further ordered the mother not to allow any contact between the child and respondent, pending the outcome

and disposition of criminal charges against him which arose out of the incident. Respondent appeals from that order.

*Edward Jennings for respondent-appellant.*

*William A. Sigmon for petitioner-appellee.*

*Martin L. Kesler, Jr. for the Guardian ad Litem.*

WELLS, Judge.

Respondent brings forth two assignments of error challenging the court's rulings on the admissibility of evidence and one assignment of error challenging the sufficiency of the evidence. We reject respondent's arguments and affirm the order below.

[1]    Respondent first assigns as error the court's rulings admitting testimony of the two social workers as to certain inculpatory out-of-court statements made by respondent's wife and excluding testimony as to an alleged exculpatory statement made by the child. This raises the question of whether the evidentiary rules governing hearsay testimony, set forth at N.C. Gen. Stat. § 8C-1, Rules 801, *et seq.* (1988) of the North Carolina Rules of Evidence, were properly applied. Pertinent to this appeal are the following:

Rule 802.

Hearsay is not admissible except as provided by statute or by these rules.

Rule 801.

(d) Exception for Admissions by a Party-Opponent.— A statement is admissible as an exception to the hearsay rule if it is offered against a party and it is (A) his own statement[.]

Rule 803.

The following are not excluded by the hearsay rule . . . .

(3) . . . [a] statement of the declarant's then existing state of mind, emotion, sensation, or physical condition . . . *but not including a statement of memory or belief to prove the fact remembered or believed*[.]

. . .

(24) Other exceptions.—A statement not specifically covered by any of the foregoing exceptions but having equivalent guarantees of trustworthiness . . . . However, a statement may not be admitted under this exception *unless the proponent of it gives written notice* stating his intention to offer the statement and the particulars of it . . . to the adverse party sufficiently in advance or offering the statement to provide the adverse party with a fair opportunity to prepare to meet the statement.

(Emphasis added.)

At the hearing, the social workers were permitted to testify, over respondent's objections, as to his wife's out-of-court statements to them that respondent did not properly care for the children, excessively disciplined them, abused illegal drugs and alcohol in their presence, and was violent in his behavior. Respondent argues that these statements should have been excluded under Rule 802 in that they are hearsay, not within any exception. We disagree. Mrs. Jones was a party to this action which was brought to determine whether her child, Crystal, was abused and neglected. Her statements to the social workers about Mr. Jones' conduct can only be reasonably considered as admissions by her that Crystal was subjected to conduct in her presence which could be found to be abusive and neglectful. Within the context of this juvenile petition case, we hold that her statements were properly admitted pursuant to the provisions of Rule 801(d).

[2, 3] Turning to the court's ruling excluding testimony as to the alleged out-of-court statement of the child, the record discloses that, pursuant to its *in camera* examination of the child, the court ruled that she was not competent to testify. Respondent thereafter attempted to offer the wife's testimony that on the morning after the incident, the child stated to the wife that she had burned herself on the previous day. In support of this proffer, respondent argues that the child's statement falls within the Rule 803(3) hearsay exception permitting out-of-court statements of then existing mental, emotional, or physical condition to be introduced into evidence. Alternatively, respondent urges that the child's statement is admissible under the Rule 803(24) residual hearsay exception. We reject both arguments. As to the former, Rule 803(3), by its own terms, excludes "a statement of memory or belief to prove the fact remembered or believed." The proffered hearsay

statement of the child, because it pertained to a memory of the previous day's events and was offered solely for the purpose of proving such events, is clearly excluded by the Rule. As to the latter contention, a condition precedent to admissibility under the Rule 803(24) residual hearsay exception is the proponent's satisfaction of that Rule's notice requirements. The record discloses that these were not complied with; therefore, this testimony was properly excluded. *State v. Smith*, 315 N.C. 76, 337 S.E.2d 833 (1985). This assignment of error is overruled.

[4] By his second assignment of error, respondent challenges the court's ruling admitting the opinion testimony of the examining physician that the burns were not the result of accident. Rule 702 of the North Carolina Rules of Evidence governs the admissibility of expert testimony. It states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

N.C. Gen. Stat. § 8C-1, Rule 702 (1988). Our courts construe this Rule to admit expert testimony when it will assist the factfinder "in drawing certain inferences from facts, and the expert is better qualified than the [factfinder] to draw such inferences." *State v. Anderson*, 322 N.C. 22, 366 S.E.2d 459 (1988), *cert. denied*, --- U.S. ---, 109 S.Ct. 513 (1989). (Citations omitted.) A trial court is afforded wide latitude in applying Rule 702 and will be reversed only for an abuse of discretion. *Id.* No such abuse of discretion is present here.

The medical evaluation of juveniles is of critical importance in proceedings involving allegations of abuse and neglect under the Juvenile Code. *See* N.C. Gen. Stat. §§ 7A-549 (authority of medical professionals in abuse cases), -551 (physician-patient privilege not grounds for excluding evidence of abuse or neglect), -639 (predisposition medical reports required), -647 (judge may order medical examination to determine needs of child for disposition). The record in this case discloses that the examining physician, a duly licensed practitioner in North Carolina, is board certified in family medicine, has extensive experience in pediatrics, and has been enlisted by the North Carolina Child Medical Evaluation Program. His testimony was detailed, precisely explaining the nature

**IN RE HAYDEN**

[96 N.C. App. 77 (1989)]

of the burns, how such burns are medically evaluated, and how they are treated. He further testified that the number, location, and severity of the burns was inconsistent with a medical etiology of accidental causation. Such testimony was clearly helpful to the court as factfinder and was properly admitted. We therefore overrule this assignment of error.

[5] Finally, respondent contends that the evidence was insufficient to support the court's findings that the child was abused and neglected. The Juvenile Code, in pertinent part, defines an abused child as

> [a]ny juvenile less than 18 years of age whose parent or other person responsible for his care:
>
> > a. Inflicts or allows to be inflicted upon the juvenile a physical injury by other than accidental means which causes or creates a substantial risk of death, disfigurement, impairment of physical health, or loss or impairment of function of any bodily organ[.]

N.C. Gen. Stat. § 7A-517(1) (Supp. 1988). A neglected child is defined as

> [a] juvenile who does not receive proper care, supervision, or discipline from his parent, guardian, custodian, or caretaker; . . . or who is not provided necessary medical care . . . or who lives in an environment injurious to his welfare[.]

*Id.*, § 7A-517(21). Allegations of abuse and neglect must be proved by clear and convincing evidence. *Id.*, § 7A-635. Applying these standards, we have no difficulty concluding that the evidence before the trial court was sufficient to support its findings of abuse and neglect. The child, while in respondent's sole care, suffered multiple burns over a wide portion of her body. No accidental cause was established, and the child in fact stated that respondent burned her. The burns were serious, requiring prompt medical attention. Respondent did not seek treatment for the child's injuries and refused to permit the social worker to do so. Indeed, the child was taken for treatment only upon the intervention of the Sheriff's Department, over respondent's opposition. This assignment of error is overruled.

Affirmed.

Judges JOHNSON and ORR concur.