IN RE C.B., J.B., TH.B., & TI.B.

[180 N.C. App. 221 (2006)]

IN RE: C.B., J.B., TH.B., & TI.B.

No. COA05-1517

(Filed 7 November 2006)

**1. Appeal and Error— continuance—order not in notice of appeal**

An argument that the trial court erred by continuing a child neglect and abuse adjudication hearing over the father's objections was dismissed because the order granting the continuance was not included in the notice of appeal.

**2. Child Abuse and Neglect— spanking or whipping, with bruise—no serious injury—not abuse**

Punishing a child with a spanking or whipping that resulted in a bruise did not constitute abuse, as it did not inflict serious injury. The trial court's conclusion that the child was abused was not supported by the findings.

**3. Child Abuse and Neglect— neglect by being in home with abused sibling—sibling not, in fact, abused**

The trial court erred by concluding that children were neglected because they were in the same home as a sibling who had been abused because the whipping of the sibling did not constitute abuse.

Judge HUDSON dissenting.

Appeal by Respondent from order entered 17 May 2005 by Judge Phyllis Gorham in District Court, Pender County. Heard in the Court of Appeals 15 August 2006.

*Regina Floyd-Davis, for petitioner-appellee.*

*R. Kent Harrell, for respondent-guardian ad litem.*

*Sofie W. Hosford, for respondent-appellant.*

WYNN, Judge.

Section 7B-101(1) of the North Carolina Juvenile Code defines an abused juvenile as one whose parent has "inflicted upon the juvenile a serious physical injury[.]"[1] Here, the only evidence in the record of

1. N.C. Gen. Stat. § 7B-101(1)(a) (2005).

**IN RE C.B., J.B., Th.B., & Ti.B.**

[180 N.C. App. 221 (2006)]

abuse is a spanking or whipping by the father with a belt that resulted in a bruise on the buttocks. Because this evidence does not rise to the level of "serious injury" to constitute abuse, we hold that the trial court erred in concluding the minor child was an abused juvenile.

On 22 December 2004, the minor children, Th.B., Ti.B., and J.B., went to Pender County Department of Social Services (DSS) to report abuse. Th.B. (age thirteen) reported to social worker Latesha Nixon that his father beat him with a belt. Ms. Nixon observed a bruise on his right arm and the top part of his buttocks. Ms. Nixon did not observe bruising on the other minor children. Later that day, DSS filed a Petition alleging the minors, including a fourth child, C.B. (age one), were abused, neglected, and dependent. That same day, the trial court entered an order for nonsecure custody for all four children.

At a hearing in March 2005, Th.B. testified that his father hit him with a belt as punishment because he and his brothers had missed the church bus and he had misbehaved on the bus. He also testified that he had fallen on a board previously that day and fell on his buttocks. He did not look at his buttocks afterward to see if they were bruised.

Following the hearing, the trial court adjudicated Th.B. an abused, neglected, and dependent juvenile and Ti.B., J.B., and C.B. neglected and dependent juveniles. From this adjudication order the Father appealed,[2] contending that the trial court erred in concluding that he (I) abused Th.B and (II) neglected the minor children.[3]

I.

[2] The Father argues that the trial court erred in concluding that Th.B. was an abused child, as DSS failed to present clear and convincing evidence.

Allegations of abuse and neglect must be proven by clear and convincing evidence. N.C. Gen. Stat. § 7B-805 (2005). "In a non-jury [abuse and] neglect adjudication, the trial court's findings of fact supported by clear and convincing competent evidence are deemed con-

---

2. The Mother of the minors did not appeal.

[1] 3. The Father also argues that the trial court erred in continuing the adjudication hearing over his objections. However, because the Father did not include the order granting the continuance in the Notice of Appeal, we dismiss this assignment of error under Rule 3 of the North Carolina Rules of Appellate Procedure. *See* N.C. R. App. P. 3(d) (requiring that the notice of appeal ". . . shall designate the judgment or order from which appeal is taken . . . ."); *see also In re L.L.*, 172 N.C. App. 689, 695, 616 S.E.2d 392, 396 (2005) (assignments of error referred to an intervention order, but the notice of appeal only included the review order).

clusive, even where some evidence supports contrary findings." *In re Helms*, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997). The Father did not assign error to any of the trial court's findings of fact; therefore, they are binding on this Court on appeal. *In re J.A.A. & S.S.A.*, 175 N.C. App. 66, 68, 623 S.E.2d 45, 46 (2005). Thus, our review of the trial court's conclusions of law is limited to whether the conclusions are supported by the findings of fact. *See In re Montgomery*, 311 N.C. 101, 111, 316 S.E.2d 246, 253 (1984).

Section 7B-101(1) defines an abused juvenile as:

Any juvenile less than 18 years of age whose parent, guardian, custodian, or caretaker:

a. Inflicts or allows to be inflicted upon the juvenile a serious physical injury by other than accidental means;

. . .

c. Uses or allows to be used upon the juvenile cruel or grossly inappropriate procedures or cruel or grossly inappropriate devices to modify behavior . . . .

N.C. Gen. Stat. § 7B-101(1) (2005). The trial court made the following findings of fact regarding abuse of Th.B.:

3. That the [social worker's] investigation revealed bruises upon [Th.B.]'s right arm and on his buttocks. [Th.B.] was very fearful of going home and the beatings by their father occurred fairly regularly. Subsequent to the revelations of the children, they did not want to return home from the Department of Social Services.

4. [Th.B.] testified that he had had "the crap beaten out of him," and that [his Father] inflicted the bruises. That this was not the first time that [Th.B.] had been beaten and his brothers, [J.B.] and [Ti.B] had been beaten by [his Father] as well. That on the day of the most recent beating, [Th.B.] had fallen on his butt while working in the bathroom with [his Father]; however, the fall did not leave the bruises on his buttocks.

. . .

5. [E.B.], half-sibling of the Juveniles, discovered the bruises on [Th.B.] on 22 December 2004. [Th.B.] indicated to him the bruises were from the spanking administered by [his Father]. [E.B.] had

IN RE C.B., J.B., Th.B., & Ti.B.

[180 N.C. App. 221 (2006)]

been spanked by [the Father] when he was a child and residing with his father. He has given [Th.B.] a teaspoon of wine cooler while in his home on one occasion.

6. That [the Father], of the Juveniles, denied all of the allegations in the Petition. He acknowledged disciplining the Juveniles from time to time when they do wrong. [The Father] indicated that [Th.B.]'s bruises came from a fall the Juvenile received while working on the bathroom floor. He acknowledges that the bruises exist; however, he denies that they came from the spanking on [Th.B.].

In his appeal, the Father argues that corporal punishment, i.e., spanking, standing alone, does not constitute abuse under section 7B-101(1). We agree.

Section 7B-101(1) defines an abused juvenile as one whose parent has "inflicted upon the juvenile a serious physical injury[.]" N.C. Gen. Stat. § 7B-101(1)(a). Here, the only injury reported by Th.B. and found by the trial court was bruising on Th.B.'s right arm and buttocks as the result of the Father's spanking. "Serious physical injury" constituting abuse has been found in cases where the child received an injury more severe than a bruise as a result of a spanking. *See, e.g., In re Rholetter*, 162 N.C. App. 653, 592 S.E.2d 237 (2004) (abuse found where step-mother choked, hit children with her fists and a cookie jar, and pulled out their hair); *In re Hayden*, 96 N.C. App. 77, 83, 384 S.E.2d 558, 562 (1989) (abuse where child received multiple burns over a wide portion of her body, requiring prompt medical attention). This Court has previously declined to find that spanking, that resulted in a temporary bruise constituted abuse. *See, e.g., Scott v. Scott*, 157 N.C. App. 382, 387, 579 S.E.2d 431, 435 (2003) (finding no conclusive evidence of abuse when there was no evidence presented that the spanking left more than temporary red marks); *In re Mickle*, 84 N.C. App. 559, 353 S.E.2d 232 (1987) (finding that whippings that resulted in temporary bruising of the child's buttocks did not constitute abuse under N.C. Gen. Stat. § 7A-517(1)(a)).

In this case, the Father's punishment of Th.B. in the form of a spanking or whipping that resulted in a bruise did not constitute abuse, as it did not inflict "serious injury." Therefore, the trial court's conclusion that Th.B. is an abused juvenile as defined by section 7B-101(1) is not supported by the findings of fact and must be reversed.

## II.

[3] The Father also argues that the trial court erred in concluding that the children were neglected as DSS failed to present clear and convincing evidence of neglect.

Section 7B-101(15) defines a neglected juvenile as:

A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law. In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home where another juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home.

N.C. Gen. Stat. § 7B-101(15) (2005).

In this case, the trial court concluded that Th.B. was neglected as a result of the abuse inflicted by the Father, and the other three children were neglected juveniles as they resided in the home where Th.B. had been abused. As we have previously found that the trial court erred in concluding that Th.B. was an abused juvenile, abuse of another child in the home was an improper basis to determine neglect. Accordingly, the trial court erred in concluding that the minor children were neglected as defined by section 7B-101(15), and that conclusion of law must be reversed.

Reversed and remanded.

Judge TYSON concurs.

Judge HUDSON dissents in a separate opinion.

HUDSON, Judge, dissenting.

I agree with the majority that the findings do not support a conclusion that the juvenile Th.B. sustained serious physical injury inflicted by the father. Thus, I agree that the adjudication of abuse is improper on that basis.

However, the court also adjudicated all four of the children neglected within the meaning of G.S. § 7B-101(15), based on inappropriate discipline of the three boys, which resulted in "an environment injurious to [the] welfare" of the daughter. This section of the statute does not require a showing of serious injury. Thus, I would affirm the adjudication order on this statutory basis alone, and I respectfully dissent.