STATE OF NORTH CAROLINA v. JERRY DOUGLAS DULA

No. 8523SC29

(Filed 15 October 1985)

Automobiles and Other Vehicles § 127.2— identity of defendant as driver—sufficiency of circumstantial evidence

In a prosecution for driving while impaired and driving while license was revoked, the State's evidence was sufficient to support a jury finding that defendant was the driver of a car when it left the road where it tended to show that a witness saw black tire marks on the highway, dust in the air, and a car with its headlights on lying on its top in a field near the highway; the

witness found only defendant in the car and saw that the car doors were closed and the windows were rolled up; and the investigating patrolman was unable to open the car doors. Evidence that defendant told the investigating patrolman that he was not the driver and testimony by a witness for defendant that he was the driver and was thrown out while the car was turning over merely presented a question for the jury as to whether defendant was the driver.

APPEAL by defendant from *Rousseau, Judge.* Judgments entered 25 September 1984 in Superior Court, WILKES County. Heard in the Court of Appeals 17 September 1985.

*Attorney General Thornburg, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Dennis R. Joyce for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of driving an automobile while impaired and while his license was permanently revoked. That defendant was impaired and his license was revoked is not disputed. The only question presented for our determination is whether the evidence introduced at trial was sufficient to establish that defendant was operating the automobile on the occasion charged. In gist, the evidence was that: A motorist traveling on N.C. Highway 18 the night involved saw some black tire marks on the highway, dust in the air, and a car, with its headlights on, lying on its top in a field near the highway. Going to the car, this witness found only the defendant in it, he saw that the car doors were closed and the windows were rolled up; and looking around the area nearby, he saw no one else. The investigating patrolman called to the scene observed tire marks which led from the black marks on the highway across the highway shoulder and field to where the overturned car was; and upon examining the car doors he was unable to open them.

This evidence is clearly sufficient, in our opinion, to justify the inference that defendant was driving the car before it left the public highway; and its sufficiency is not affected by the fact that other evidence tended to show that defendant was not driving. The other evidence consisted of an admission extracted from the investigating patrolman that defendant told him he was not the driver, and testimony by a witness for the defendant to the effect

that: He drove the car, was thrown out through a door which opened while the car was turning over, and left the scene quickly because he was afraid. The State was not required to disprove this version of the matter; nor did it have to prove to a scientific certainty that defendant was the driver of the car; it only had to present evidence from which that fact could be deduced by reasonably minded people. And it matters not that the State's evidence was entirely circumstantial, while the defendant's evidence was direct and by a professed participant and eyewitness. The weight of all evidence is for the jury, which often finds physical circumstances more reliable than the testimony of eyewitnesses, as our courts have noted many times.

No error.

Judges WELLS and WHICHARD concur.