STATE OF NORTH CAROLINA v. LISA STRUM ALLEN

No. COA00-720

(Filed 19 June 2001)

**Constitutional Law— double jeopardy—felony child abuse— dismissal after mistrial and end of session**

The State's appeal in a felony child abuse case of the trial court's order, entered after the trial ended in a mistrial and court was adjourned sine die, which allowed defendant's N.C.G.S. § 15A-1227 motion to dismiss based on insufficiency of the evidence and defendant's N.C.G.S. § 15A-1414 motion for appropriate relief is not barred by the double jeopardy clause because: (1) a dismissal during a pretrial stage of the proceedings does not prohibit further prosecution of defendant under the double jeopardy clause; (2) the § 15A-1227 motion to dismiss was not timely because it was not made before the end of the session; (3) the § 15A-1414 motion for appropriate relief was not proper because it was not made after a verdict; and (4) defendant's motions thus must be treated as "pretrial" motions, and jeopardy had not attached at the time of the court's order. Furthermore, the trial court was without authority to rule on defendant's motions because they were improper under §§ 15A-1227 and 15A-1414.

STATE v. ALLEN

[144 N.C. App. 386 (2001)]

Appeal by State from order dated 14 January 2000 by Judge James R. Vosburgh in Johnston County Superior Court. Heard in the Court of Appeals 15 May 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Narron, O'Hale and Whittington, P.A., by John P. O'Hale, for defendant-appellee.*

GREENE, Judge.

The State of North Carolina appeals an order dated 14 January 2000 in favor of Lisa Strum Allen (Defendant).

The record shows Defendant was indicted on 26 October 1998 for felony child abuse, pursuant to N.C. Gen. Stat. § 14-318.4(a). Defendant was tried before a jury at the 1 November 1999 criminal session of the Superior Court of Johnston County. At the close of the State's evidence and at the close of all the evidence, Defendant moved to dismiss the charges against her based on insufficiency of the evidence. The trial court denied Defendant's motions. Subsequent to its deliberations, the jury was unable to reach a verdict. On 10 November 1999, therefore, the trial court declared a mistrial. The trial court then asked the parties whether there was "anything" they "would like to put in the record before [it] dismiss[ed] court." Both parties responded they had "nothing," and court was adjourned *sine die.*

On 19 November 1999, Defendant filed a motion for appropriate relief, seeking a dismissal of the charge of felony child abuse. In support of her motion, Defendant stated that "the evidence, at the close of all the evidence, was insufficient to justify the submission of the case to the jury." In a motion filed 29 November 1999, the State moved to dismiss Defendant's motion for appropriate relief on the ground the trial court did not have authority to rule on the motion "since no verdict ha[d] been received." Additionally, on 29 November 1999, a superceding indictment for felony child abuse was issued against Defendant, pursuant to N.C. Gen. Stat. § 15A-646.

In an order dated 14 January 2000, the trial court treated Defendant's "motion for appropriate relief" as two motions: (1) a motion to dismiss made pursuant to N.C. Gen. Stat. § 15A-1227; and (2) a motion for appropriate relief made pursuant to N.C. Gen. Stat.

§ 15A-1414(a).[1] The trial court concluded, in pertinent part, that "[it] should have allowed the motion to dismiss made by . . . Defendant at the close of all the evidence during the trial . . . [and that it] made an error of law by submission of the case to the jury." Additionally, the trial court concluded "that the [26 October 1998] bill of indictment was fatally defective by the omission of necessary statutory allegations with regard to the charge of felon[y] child abuse." The trial court, therefore, dismissed the charge against Defendant with prejudice.

The dispositive issue is whether the State's appeal of the trial court's 14 January 2000 order is barred by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article I, § 19 of the North Carolina Constitution and, if not, whether the trial court had authority to rule on Defendant's motions seeking dismissal of the charge against her.

Defendant argues the rule against double jeopardy prohibits her further prosecution; therefore, the State's appeal of the trial court's 14 January 2000 order must be dismissed. We disagree.

*Double Jeopardy Clause*

The State has a statutory right to appeal a judgment dismissing criminal charges "[u]nless the rule against double jeopardy prohibits further prosecution" of the defendant. N.C.G.S. § 15A-1445(a)(1) (1999); *State v. Priddy*, 115 N.C. App. 547, 550, 445 S.E.2d 610, 613, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994). Generally, the rule against double jeopardy prohibits appellate review of a verdict of acquittal because such review places a defendant twice in jeopardy. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651 (1977). Additionally, "what constitutes an 'acquittal' is not . . . controlled by the form of the [trial court's] action"; rather, the appellate court must determine "whether the ruling of the [trial court], whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Id.* Thus, a trial court's dismissal of a charge based on insufficiency of the evidence is an "acquittal" for the purposes of the Double Jeopardy Clause, provided the dismissal does not occur during the "pretrial" stage of the proceedings. *Id.* at 575-76, 51

---

1. Because the trial court treated Defendant's 19 November 1999 "motion for appropriate relief" as two separate motions, we also treat Defendant's motion as two separate motions.

L. Ed. 2d at 653-54; *Serfass v. United States*, 420 U.S. 377, 391-93, 43 L. Ed. 2d 265, 276-77 (1975) (Double Jeopardy Clause does not bar appeal from pretrial dismissal of indictment). When, however, a dismissal occurs during the "pretrial" stage of the proceedings, the defendant has not been " 'put to trial before the trier of the facts' " and the Double Jeopardy Clause does not prohibit further prosecution. *Serfass*, 420 U.S. at 394, 43 L. Ed. 2d at 278 (quoting *United States v. Jorn*, 400 U.S. 470, 479, 27 L. Ed. 2d 543, 553 (1971)).

In *United States v. Sanford*, 429 U.S. 14, 14-15, 50 L. Ed. 2d 17, 19 (1976), the Supreme Court addressed the issue of whether an appeal was barred by the Double Jeopardy Clause when the trial court declared a mistrial because the jury was unable to reach a verdict and, four months subsequent to the declaration of mistrial, the trial court dismissed the indictment against the defendants on the ground "the Government had consented to the activities which formed the basis of the indictment." The Supreme Court determined that because the trial court's "dismissal of the indictment occurred several months after the first trial had ended in a mistrial, but before the retrial of [the defendants] had begun," the dismissal occurred during the "pretrial" stage of the proceedings. *Id.* at 16, 50 L. Ed. 2d at 20. Thus, the Supreme Court determined the issue before it was governed by *Serfass*. *Id.* Accordingly, pursuant to *Serfass*, the Supreme Court held the Double Jeopardy Clause did not bar an appeal by the United States of the trial court's "pretrial" dismissal of the charge against defendants because jeopardy had not attached at the time of the dismissal.[2] *Id.* Based on the teaching of *Sanford*, we must determine in the case *sub judice* whether the trial court's order dismissing the charge against Defendant occurred during "pretrial" proceedings or after jeopardy had attached in order to determine whether the State's appeal is precluded by the Double Jeopardy Clause.

---

2. The facts in *Sanford* are distinguishable from cases in which a defendant makes a timely motion to dismiss the charges against her subsequent to a trial ending in jury deadlock, pursuant to the applicable rules of criminal procedure. In *Martin Linen*, 430 U.S. at 565-66, 51 L. Ed. 2d at 647-48, the defendant's trial resulted in a deadlocked jury. Six days after the trial court dismissed the jury, the defendant made a "timely" motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure. *Id.* Rule 29(c) provides a defendant may bring a motion for judgment of acquittal within 7 days after a jury is discharged without having reached a verdict. Fed. R. Crim. P. 29(c). On appeal from the judgment of acquittal, the *Martin Linen* court found that, in contrast to the judgment in *Sanford*, the judgment of acquittal in *Martin Linen* was not a "pretrial" order. *Martin Linen*, 430 U.S. at 575, 51 L. Ed. 2d at 653-54. The United States, therefore, was precluded by the Double Jeopardy Clause from appealing the trial court's judgment. *Id.* at 576, 51 L. Ed. 2d at 654.

*Timing of Dismissal*

In this case, the trial court declared a mistrial on 10 November 1999 and court was thereafter adjourned *sine die*. Thus, Defendant's section 15A-1227 motion was not timely because it was not made before the end of the session. N.C.G.S. § 15A-1227(a)(4) (1999) (motion for dismissal based on insufficiency of the evidence may be made "[a]fter discharge of the jury without a verdict and before the end of the session"). Additionally, Defendant's section 15A-1414 motion for appropriate relief was not proper because it was not made after a verdict had been reached. *See State v. Handy*, 326 N.C. 532, 535, 391 S.E.2d 159, 160 (1990) (motion for appropriate relief is a *"post-verdict"* motion); N.C.G.S. § 15A-1414(a) (1999) (motion for appropriate relief may be made "[a]fter the verdict but not more than 10 days after entry of judgment"). The Defendant's motions, therefore, must be characterized as "pretrial" motions brought "prior to a trial that the Government had a right to prosecute and that . . . [D]efendant was required to defend."[3] *Sanford*, 429 U.S. at 16, 50 L. Ed. 2d at 20. Accordingly, the State's appeal of the trial court's 14 January 2000 order is not barred by the Double Jeopardy Clause.[4]

---

3. Defendant argues in her brief to this Court that absent any statutory authority to grant Defendant's motions, the trial court "had the inherent power to so rule." We disagree. The inherent powers of a trial court "are limited to such powers as are essential to the existence of the [trial] court and necessary to the orderly and efficient exercise of its jurisdiction." *Hopkins v. Barnhardt*, 223 N.C. 617, 619-20, 27 S.E.2d 644, 646 (1943). Additionally, for a trial court's power to be inherent " 'it must be such . . . as is not granted or denied to it by the Constitution or by a constitutionally enacted statute.' " *State v. Gravette*, 327 N.C. 114, 124, 393 S.E.2d 865, 871 (1990) (quoting Raymond B. Mallard, *Inherent Power of the Courts of North Carolina*, 10 Wake Forest L. Rev. 1, 13 (1974)). We acknowledge that the North Carolina Supreme Court has held a trial court "has the inherent authority to order a change of venue" even when the statutory power to change venue does not permit such an order. *See State v. Barfield*, 298 N.C. 306, 320, 259 S.E.2d 510, 524 (1979), *cert. denied*, 448 U.S. 907, 65 L. Ed. 2d 1137 (1980), *overruled on other grounds, State v. Johnson*, 317 N.C. 193, 344 S.E.2d 775 (1986). Nevertheless, the general rule is that the trial court does not have inherent authority to act in a manner inconsistent with a statute addressing such action. Thus, in the case *sub judice*, the trial court did not have the inherent authority to rule on Defendant's motions when sections 15A-1227 and 15A-1414 specifically provide rules for when such motions can be made and Defendant's motions were not made in compliance with those rules.

4. Defendant argues in her brief to this Court that the State's appeal in the case *sub judice* is analogous to the appeal by the United States in *Fong Foo v. United States*, 369 U.S. 141, 7 L. Ed. 2d 629 (1962). We disagree. In *Fong Foo*, the trial court entered a judgment of acquittal during the Government's presentation of its case-in-chief. *Id.* at 142, 7 L. Ed. 2d at 630. On appeal, the Supreme Court held the Government's appeal of the judgment of acquittal was precluded by the Double Jeopardy Clause. *Id.* at 143, 7 L. Ed. 2d at 631. In contrast to the case *sub judice*, the dismissal in *Fong Foo* occurred after the defendants had been placed in jeopardy and not during the pretrial stage of

*See McGraw v. State*, 688 So. 2d 764, 771 (Miss.) (holding, pursuant to *Sanford* and *Serfass*, that a defendant's untimely motion for acquittal made subsequent to a jury deadlock must be treated as a pretrial motion and, thus, review of the trial court's judgment granting such motion is not precluded by the Double Jeopardy Clause), *cert. denied*, 522 U.S. 830, 139 L. Ed. 2d 51 (1997). Furthermore, because Defendant's motions were improper under sections 15A-1227 and 15A-1414, the trial court was without authority to rule on these motions; thus, the trial court's 14 January 2000 order is reversed.

Reversed.[5]

Judges TIMMONS-GOODSON and JOHN concur.

---

the proceedings. *See* Wayne R. LaFave et. al., 5 *Criminal Procedure* § 25.3(d), at 672 (2d ed. 1999) (discussing the distinction between *Sanford*, in which dismissal occurred during the pretrial proceedings, and *Fong Foo*, in which dismissal occurred during trial). Thus, the Supreme Court's holding in *Fong Foo* is not applicable to the facts of the case *sub judice*.

5. We note that the trial court's 14 January 2000 order concludes "the [26 October 1998] bill of indictment was fatally defective." Because the record shows a superceding indictment was issued on 29 November 1999, we do not address the issue of whether the 26 October 1998 bill of indictment was "fatally defective." *See* N.C.G.S. § 15A-646 (1999) (first indictment superceded by second indictment).