STATE OF NORTH CAROLINA v. CRISTANTO R. HERNANDEZ AND
MAGDALENA GARCIA PEDRO

No. COA06-1591

(Filed 15 January 2008)

**1. Appeal ·and Error— appealability—dismissal of charges—
standard of review—double jeopardy**

N.C.G.S. § 15A-1445(a)(1) provides that unless the rule
against double jeopardy prohibits further prosecution, the State
may appeal from the superior court to the appellate division
when there has been a decision or judgment dismissing criminal
charges as to one or more counts. Double jeopardy does not pro-
hibit prosecution in this case when the jury already rendered the
verdicts. If the State succeeds in its appeal, then defendants
would not be subject to retrial, but instead the court would rein-
state the jury's verdicts.

**2. Motor Vehicles— driving under influence—driving without
operator's license—motion to dismiss improperly granted**

The trial court erred by granting defendants' motion to dis-
miss the charges of driving under the influence and driving with-
out an operator's license against defendant Hernandez, and the
jury's guilty verdicts should be reinstated for these charges, be-
cause: (1) the State presented substantial evidence for a rational
juror to infer that Hernandez was driving including physical evi-
dence such as the officers' observations of defendant Pedro's
right shoulder burn consistent with a passenger side seatbelt
injury, the lack of blood on the passenger's side, the blood on the
driver's side of the air bag and blood on Hernandez, and the
driver's seat was pushed back too far for Pedro to drive; (2) the
fact that Pedro and her sister-in-law insisted Pedro was the driver
did not prevent a rational juror from inferring from the physical
evidence that Hernandez was the driver; (3) the totality of the
physical evidence, although circumstantial, was sufficient to
withstand a motion to dismiss; and (4) a defendant's evidence on
a motion to dismiss, unless favorable to the State, is not to be
taken into consideration.

**3. Motor Vehicles— accident—giving false report**

The trial court erred by granting defendants' motion to dis-
miss the charge of giving a false report in violation of N.C.G.S.

§ 20-279.31(b), and the conviction on this charge against Pedro should be reinstated, because: (1) regardless of defendant Pedro's argument, the Court of Appeals did not need to determine whether N.C.G.S. §§ 20-166 or 20-166.1 imposed a duty on passengers who falsely assert they are drivers to provide information since the State produced substantial evidence that Pedro violated N.C.G.S. § 20-279.31(b); (2) the State only needed to present substantial evidence that Pedro gave information required in a report of a reportable accident knowing or having reason to believe the information was false; (3) the State presented sufficient evidence for a rational juror to determine that Hernandez was the driver, and thus, a rational juror could also infer Pedro gave false information knowing that information was false when she told a trooper that she was driving; and (4) it can be inferred that the identity of the driver is required to be included in a reportable accident report under N.C.G.S. § 20-279.31(b) in order to impose financial responsibility.

**4. Trials— motion to dismiss—reserving ruling until after jury verdict**

Although the trial court erred in a driving under the influence, driving without an operator's license, and giving a false report case by reserving its ruling on defendants' motions to dismiss at the close of all evidence under N.C.G.S. § 15A-1227(c), the error did not warrant reversal, because: (1) defendants would not be subject to retrial if the dismissal was reversed on appeal; and (2) the judge's comments both before and after the jury verdicts suggested that he would have denied the motions had he ruled before the verdicts, and there was sufficient evidence in the record to withstand a motion to dismiss.

Appeal by the State from judgments entered 26 July 2006 by Judge Ernest B. Fullwood in Pender County Superior Court. Heard in the Court of Appeals 22 August 2007.

*Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.*

*Anne Bleyman, for defendant-appellee Cristanto R. Hernandez.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Daniel Shatz, for defendant-appellee Magdalena Garcia Pedro.*

CALABRIA, Judge.

The State of North Carolina appeals from judgments vacating the jury's guilty verdicts against Cristanto R. Hernandez ("Hernandez") for driving while impaired and driving without a license and against Magdalena Garcia Pedro ("Pedro") for giving false information required in a report of a reportable accident. We reverse.

On 17 September 2005, Hernandez and Pedro were traveling home from a child's birthday party when they were involved in an automobile accident at approximately 9 p.m. at the intersection of N.C. 210 and Little Kelly Road in Pender County. Their vehicle hit a ditch, and landed approximately thirty to forty feet in a bean field. Two North Carolina Highway Patrol Troopers, Allen Dezso ("Trooper Dezso") and Barry Henline ("Trooper Henline"), arrived after the accident occurred. When Trooper Dezso arrived, no one was in the vehicle. Trooper Dezso observed the steering wheel air bag had deployed and there was blood on the air bag. Trooper Dezso noticed Hernandez had blood near his nose and on his shirt. Trooper Henline observed Pedro had a fabric burn extending from her right shoulder to her collarbone, Hernandez's nose was bleeding, and bloodstains were on his shirt. Trooper Henline asked Hernandez to produce a driver's license. Hernandez did not have a North Carolina driver's license in his possession. Later, Pedro told Trooper Henline, through the assistance of a translator, that she was the driver of the vehicle.

Trooper Henline detected a strong odor of alcohol from Hernandez. Trooper Henline properly transported Hernandez to a law enforcement center and an Intoxilyzer test was administered. The test revealed Hernandez's blood alcohol concentration level was .26. Hernandez was charged with driving while impaired under N.C. Gen. Stat. § 20-138.1, operating a motor vehicle without a valid driver's license under N.C. Gen. Stat. § 20-7(a), and possession of an open container. Pedro was charged with giving false information for a motor vehicle crash report in violation of N.C. Gen. Stat. § 20-279.31(b).

On 14 December 2005, Pender County District Court Judge James H. Faison, III found Hernandez guilty of driving while impaired and operating a motor vehicle without a valid driver's license and not guilty of the open container charge. Pedro was found guilty of providing false information in violation of N.C. Gen. Stat. § 20-279.31(b).

Hernandez and Pedro appealed to Pender County Superior Court. This case came to trial in the Superior Court of Pender County on 25

July 2006, the Honorable Ernest B. Fullwood presiding. On 26 July 2006, the jury returned a verdict of guilty against Hernandez for driving while impaired and operating a motor vehicle without a valid operator's license, and a guilty verdict against Pedro for giving false information required in a report of a reportable accident.

Both Hernandez and Pedro moved to dismiss the charges at the close of the State's evidence. The trial court denied their motions. The defendants again moved to dismiss the charges at the close of all the evidence. The trial court reserved its ruling on those motions. After the jury returned the guilty verdicts, defendants moved for a judgment notwithstanding the verdicts and asked the trial court for a decision on the motions to dismiss at the close of all the evidence. The trial court granted the defendants' motions to dismiss at the close of all the evidence and vacated the guilty verdicts. The State appealed.

The State assigns as error the trial court's dismissal of the charges and vacating the jury's guilty verdicts on the grounds that the evidence was sufficient to submit the case to the jury and the court erroneously relied on the principle that stacking inferences is not permitted in determining guilt or innocence on a motion to dismiss, a principle of law that was overruled by *State v. Childress*, 321 N.C. 226, 232, 362 S.E.2d 263, 267 (1987).

Hernandez and Pedro cross-assign prejudicial error to the trial court's decision to reserve its ruling on defendants' motions to dismiss at the close of all the evidence in violation of N.C. Gen. Stat. § 15A-1227(c) and defendants' rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, section 19 of the North Carolina Constitution.

## I. Standard of Review

[1] The standard of review of a motion to dismiss for insufficient evidence is whether the State presented substantial evidence of each element of the offense and "defendant's being the perpetrator." *State v. Nettles*, 170 N.C. App. 100, 102-03, 612 S.E.2d 172, 174, *review denied by*, 359 N.C. 640, 617 S.E.2d 286 (2005) (citations omitted). Substantial evidence is relevant evidence that a reasonable person might accept as sufficient to support a conclusion. *Nettles*, 170 N.C. App. at 103, 612 S.E.2d at 174 (citing *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984)). The court reviews the evidence in the light most favorable to the State, giving every reasonable inference arising from that evidence to the State, even if the same evi-

dence supports reasonable inferences of the defendant's innocence. *State v. Scott*, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002); *Nettles*, 170 N.C. App. at 103, 612 S.E.2d at 174. Where the evidence is contradictory, "[a]ll contradictions must be resolved in favor of the State." *State v. Myers*, 181 N.C. App. 310, 313, 639 S.E.2d 1, 3 (2007). Whether the evidence is circumstantial or direct does not preclude a reasonable inference of defendant's guilt. *Id.* (citing *State v. Trull*, 349 N.C. 428, 447, 509 S.E.2d 178, 191 (1998)).

However, where the evidence is "sufficient only to raise a suspicion or conjecture as to either the commission of the offense or identity of the defendant as the perpetrator, the motion to dismiss must be allowed." *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983) (citation omitted). "This is true even though the suspicion aroused by the evidence is strong." *Id.*

The grounds for the State's appeal are provided in N.C. Gen. Stat. § 15A-1445(a)(1) which states "[u]nless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division: (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts." N.C. Gen. Stat. § 15A-1445(a)(1) (2007).

Here, the State appeals the trial court's dismissal of charges of driving while impaired, driving without a license, and giving a false report. Double jeopardy does not prohibit prosecution because the jury already rendered the verdicts. *State v. Scott*, 146 N.C. App. 283, 286, 551 S.E.2d 916, 918-19 (2001), *rev'd on other grounds by*, 356 N.C. 591, 573 S.E.2d 866 (2002). If the State succeeds in its appeal, then defendants would not be subject to re-trial. The court would reinstate the jury's verdicts. *Id.*

The substantial evidence standard of review is applied on a case-by-case basis and the outcome varies depending on the facts of each case. *State v. Bell*, 65 N.C. App. 234, 240, 309 S.E.2d 464, 468 (1983) ("[E]xisting case law and the necessity to retain flexibility are aligned against temptation to construct a bright-line test, we are left with the standard of reviewing motions to dismiss . . . 'in the light of all the circumstances,' which at least has the blessings of precedent although it lacks predictability.").

## II. Driving While Impaired

[2] Hernandez was charged with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 and operating a motor vehicle on a

street or highway without a license in violation of N.C. Gen. Stat. § 20-7(a). The essential elements of driving while impaired are (1) driving any vehicle, (2) upon any highway, any street, or any public vehicular area within the State, and (3) while under the influence of an impairing substance. N.C. Gen. Stat. § 20-138.1(a) (2007); *State v. Tedder*, 169 N.C. App. 446, 450, 610 S.E.2d 774, 777 (2005) (citation omitted). Defendants do not contest that Hernandez was impaired, that the vehicle was driven on a public vehicular area, or that Hernandez was not in possession of a driver's license. Therefore, in order to determine whether the motion to dismiss by Hernandez was properly granted, the issue is whether the State presented substantial evidence for a rational juror to infer that Hernandez was the driver.

The State argues that the trial court should have denied defendants' motions to dismiss because the State's evidence, although circumstantial, was sufficient for a reasonable mind to determine that Hernandez was driving the vehicle, and therefore guilty of the charges. According to the State, a jury could reasonably infer from the physical evidence that Hernandez was the driver. We agree. Specifically, the officers' observations of Pedro's right shoulder burn, the lack of blood on the passenger's side, the blood on the driver's side of the air bag, and blood on Hernandez are sufficient to support an inference that Hernandez was the driver.

In *State v. Scott*, the State appealed the trial court's dismissal of a driving while impaired charge granted after the jury returned a guilty verdict. *Scott*, 356 N.C. at 593, 573 S.E.2d at 867. The State presented evidence that defendant had been speeding in excess of sixty miles per hour and failed to immediately stop although the police officer activated his blue lights and blew his airhorn more than once. *Id.*, 356 N.C. at 597, 573 S.E.2d at 869. When the defendant stopped his vehicle in the "T" intersection, he blocked the intersection. *Id.* More importantly, when the officer interacted with the defendant, he smelled a strong odor of alcohol and noticed defendant's speech was slurred. *Id.*, 356 N.C. at 597, 573 S.E.2d at 869-70. The North Carolina Supreme Court reversed the dismissal concluding that "a reasonable inference of defendant's guilt may be drawn from the direct and circumstantial evidence presented by the State." *Id.*, 356 N.C. at 598, 573 S.E.2d at 870.

In *State v. Ray*, this Court found insufficient evidence to support a charge for driving while impaired where the only evidence offered by the State to show defendant was driving was that defendant was

sitting "approximately halfway in the front seat, between the driver and passenger area in the front seat." *State v. Ray*, 54 N.C. App. 473, 475, 283 S.E.2d 823, 825 (1981). The officer responded to an accident call and observed the defendant seated in a car which had hit two parked cars. *Id.*, 54 N.C. App. at 474, 283 S.E.2d at 824. The officer noticed defendant smelled of alcohol and had a gash above his nose. *Id.* No other circumstantial evidence was presented to suggest that defendant had been driving. *Id.*, 54 N.C. App. at 475, 283 S.E.2d at 825. This Court was unable to support a conclusion that defendant was the driver without more circumstantial or direct evidence. *Id.*

However, in *State v. Dula*, the State's circumstantial evidence conflicted with the defendant's direct evidence, yet was sufficient to withstand a motion to dismiss, 77 N.C. App. 473, 474-75, 335 S.E.2d 203, 204 (1985). In *Dula*, the only question was whether the defendant was operating the vehicle. *Id.*, 77 N.C. App. at 474, 335 S.E.2d at 204. A witness testified observing black tire marks on the highway and a car "with its headlights on, lying on its top in a field near the highway." *Id.*, 77 N.C. App. at 474, 335 S.E.2d at 204. When the witness went to the vehicle, defendant was inside with the windows rolled up and the car doors closed. *Id.* The Court held:

> This evidence is clearly sufficient, in our opinion, to justify the inference that defendant was driving the car before it left the public highway; and its sufficiency is not affected by the fact that other evidence tended to show that defendant was not driving. The other evidence consisted of an admission extracted from the investigating patrolman that defendant told him he was not the driver, and testimony by a witness for the defendant to the effect that: He drove the car, was thrown out through a door which opened while the car was turning over, and left the scene quickly because he was afraid. The State was not required to disprove this version of the matter; nor did it have to prove to a scientific certainty that defendant was the driver of the car; it only had to present evidence from which that fact could be deduced by reasonably minded people. And it matters not that the State's evidence was entirely circumstantial, while the defendant's evidence was direct and by a professed participant and eyewitness. The weight of all evidence is for the jury, which often finds physical circumstances more reliable than the testimony of eyewitnesses, as our courts have noted many times.

*Dula*, 77 N.C. App. at 474-75, 335 S.E.2d at 204.

The case at bar is more like the *Dula* case than the *Ray* case. Here, the State presented physical evidence from Trooper Dezso who observed bloodstains on the driver's side air bag and blood on Hernandez, but no blood on the passenger side. In addition, the driver's seat was pushed back too far for Pedro to drive. Trooper Henline further observed that a fabric burn two and a half to three inches wide extending from Pedro's right shoulder to her collarbone was consistent with a passenger side seatbelt injury. Pedro's sister-in-law, Sonia Rodriguez-Hernandez, presented conflicting testimony. She testified at trial that Pedro was driving when Hernandez and Pedro left the birthday party because Hernandez had been drinking. However, the fact that Pedro and her sister-in-law insisted she was the driver does not prevent a rational juror from inferring from the physical evidence that Hernandez was the driver. *Dula*, 77 N.C. App. at 474-75, 335 S.E.2d at 204. The evidence is viewed in the light most favorable to the State. *Nettles*, 170 N.C. App. at 103, 612 S.E.2d at 174. The totality of the physical evidence, although circumstantial, is sufficient to withstand a motion to dismiss. *Dula*, 170 N.C. App. at 474-75, 335 S.E.2d at 204.

Pedro's testimony that Hernandez left blood on the air bag when he assisted her because she was stuck against the steering wheel could support the inference that Pedro was the driver. However, "[e]vidence in the record supporting a contrary inference is not determinative on a motion to dismiss." *Scott*, 356 N.C. at 598, 573 S.E.2d at 870 (citation omitted). "The defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 653 (1982) (citation omitted). In ruling on the motion, evidence favorable to the State is to be considered as a whole in determining its sufficiency. *Id.*

The State's evidence considered as a whole constitutes substantial evidence that Hernandez was the driver. *Scott*, 356 N.C. at 598, 573 S.E.2d at 870. The jury's guilty verdicts against Hernandez for driving under the influence and driving without an operator's license should be reinstated. *Scott*, 146 N.C. App. at 286, 551 S.E.2d at 918-19.

### III. Giving False Information

[3] The next issue is whether the State presented substantial evidence that Pedro gave false information in violation of N.C. Gen. Stat. § 20-279.31(b). Pedro argues in her brief, *inter alia*, that if the State's evidence is to be believed, she is not the driver and therefore cannot be guilty of failure to give information in a reportable accident under

§ 20-166 or § 20-166.1 because the duty to give information is imposed on drivers and not passengers. Pedro asserts that non-drivers are not required to provide information under § 20-166.1 and therefore cannot be found guilty of violating § 20-279.31(b)(1).

The State contends this Court should not consider Pedro's argument because she raises this issue for the first time on appeal. Even if Pedro's argument is properly preserved without a cross-assignment of error, an examination of her assertions reveal that they are without merit. In particular, we need not determine whether § 20-166 or § 20-166.1 imposes a duty on passengers who falsely assert they are drivers to provide information because we find the State produced substantial evidence that Pedro violated § 20-279.31(b)(1).

Section 20-279.31(b)(1) states in pertinent part: "[a]ny person who does any of the following commits a Class 1 misdemeanor: (1) Gives information required in a report of a reportable accident, knowing or having reason to believe the information is false." N.C. Gen. Stat. § 20-279.31(b)(1) (2007). Pedro contends dismissal was proper since the State failed to present substantial evidence that Pedro's statements could be characterized as a "report of a reportable accident." Pedro asserts that the statute requires a written report, and that her oral statements to the officer do not constitute a report under the definition of the statute, therefore she did not violate it. We disagree.

The relevant subsection establishes criminal liability for "[a]ny person" who "gives information required in a report of a reportable accident, knowing or having reason to believe the information is false." N.C. Gen. Stat. § 20-279.31(b)(1). The State need only present substantial evidence that Pedro (1) gave information; (2) required in a report of a reportable accident; (3) knowing or having reason to believe the information was false. *Id.* Pedro "gave information" when she told Trooper Henline at the hospital that she was the driver. Since we conclude the State presented sufficient evidence for a rational juror to determine that Hernandez was the driver, a rational juror could also infer Pedro gave false information knowing that information was false when she told Trooper Henline she was driving. The issue then is whether the identity of the driver is required to be included in a reportable accident report under § 20-279.31(b)(1).

Reportable accidents are defined in N.C. Gen. Stat. § 20-4.01 which states: "[u]nless the context requires otherwise, the following definitions apply throughout this Chapter to the defined words and

phrases and their cognates: . . . (33b) Reportable Crash—A crash involving a motor vehicle that results in one or more of the following: a. Death or injury of a human being. . . ." N.C. Gen. Stat. § 20-4.01(33b) (2007).[1] Neither defendant contests that the accident was a reportable crash under the provisions of the statute.

Article Three of the Motor Vehicle Act of 1937 § 20-166.1 prescribes the type of reports and investigations that are required in the event of an accident. N.C. Gen. Stat. § 20-166.1 (2007). N.C. Gen. Stat. § 20-166.1(h) delineates the requirements for information on forms and the procedures to follow "for submitting crash data to persons required to make reports . . . ." N.C. Gen. Stat. § 20-166.1(h) (2007). In pertinent part the statute reads: "The following information shall be included about a reportable crash: (1) The cause of the crash. (2) The conditions existing at the time of the crash. (3) The persons and vehicles involved." *Id.*

Pedro asserts this section does not require reporting the driver's identity. Pedro argues that because she named the persons involved in the accident, she complied with the statute. We disagree.

Interpretation of criminal statutes requires strict construction against the State. *State v. Raines*, 319 N.C. 258, 263, 354 S.E.2d 486, 489 (1987) (citation omitted). However,

> [t]he canon in favor of strict construction [of criminal statutes] is not an inexorable command to override common sense and evident statutory purpose. . . . Nor does it demand that a statute be given the 'narrowest meaning'; it is satisfied if the words are given their fair meaning in accord with the manifest intent of the lawmakers.

*State v. Hearst*, 356 N.C. 132, 137, 567 S.E.2d 124, 128 (2002) (internal quotations and citations omitted).

Although the particular subsection does not list "driver's identity" with the information that "shall be included," the remaining portions of the statute preceding and following that section impose an explicit duty on drivers to provide their name, address, and other

---

1. "Reportable accident" and "reportable crash" are used interchangeably throughout Chapter 20. *See* use of term "reportable crash" in N.C. Gen. Stat. §§ 20-4.01(33b) and 20-166.1(h) (2007); use of term "reportable accident" in §§ 20-37.13(c)(1)(d), -166(c)(2), -166.1(a-c)(e-f), -166.2(a), -179(d)(3), -279.5(a), -279.31(a)(b)(1) (2007).

information in the event of a reportable accident. *See* N.C. Gen. Stat. § 20-166(b)(c1) (2007); N.C. Gen. Stat. § 20-166.1(a-c) (2007). From this, we can infer that the term "persons and vehicles involved" would necessarily include the identity of the driver. N.C. Gen. Stat. § 20-166.1(h). This interpretation is consistent with the policy behind both the Motor Vehicle Act governing § 20-166.1(h) and the Motor Vehicle Safety & Financial Responsibility Act under which § 20-279.31(b)(1) applies. The general purpose of N.C. Gen. Stat. § 20-166 is two-fold: to promote safety and to facilitate investigation of accidents. *State v. Smith*, 264 N.C. 575, 577, 142 S.E.2d 149, 151 (1965) (purpose of the statute is to facilitate investigation); *State v. Fearing*, 48 N.C. App. 329, 334, 269 S.E.2d 245, 248 (1980), *aff'd in part, rev'd in part on other grounds by*, 304 N.C. 471, 284 S.E.2d 487 (1981) (purpose of statute is to facilitate investigations and insure immediate aid to injured persons); *Powell v. Doe*, 123 N.C. App. 392, 398, 473 S.E.2d 407, 412 (1996). N.C. Gen. Stat. § 20-166 (b) imposes a duty on drivers of motor vehicles involved in a reportable crash to give the driver's name, address, license number, and license plate number to the persons struck or occupants of any vehicle collided with. N.C. Gen. Stat. § 20-166(b). N.C. Gen. Stat. § 20-166.1(a) imposes a duty on drivers of vehicles involved in a reportable accident to notify "the appropriate law enforcement agency of the accident." N.C. Gen. Stat. § 20-166.1(a). Consequently, this duty presupposes disclosure of a driver's identity.

N.C. Gen. Stat. § 20-279.31(b)(1) falls under Article 9A of the Motor Vehicle Safety and Financial Responsibility Act. The object of the Motor Vehicle Safety and Financial Responsibility Act is to provide protection for persons injured in automobile accidents and require financial responsibility for operators of motor vehicles. *Iowa Mut. Ins. Co. v. Fred M. Simmons, Inc.*, 262 N.C. 691, 696, 138 S.E.2d 512, 515 (1964); *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 352, 152 S.E.2d 436, 444 (1967). Naturally, the driver's identity is necessary to impose financial responsibility.

Because we find the driver's identity is the type of information required to complete a reportable accident report, Pedro's statement to Trooper Henline that she was the driver was substantial evidence of the essential elements of the crime charged. N.C. Gen. Stat. § 279.31(b)(1); *Nettles*, 170 N.C. App. at 103, 612 S.E.2d at 174. The jury's guilty verdict as to Pedro should be reinstated. *Scott*, 146 N.C. App. at 286, 551 S.E.2d at 918-19.

IV. N.C. Gen. Stat. § 15A-1227(c)

**[4]** Hernandez and Pedro cross-assign as error the trial court's decision to reserve ruling on their motions to dismiss at the close of all the evidence under N.C. Gen. Stat. § 15A-1227(c).

N.C. Gen. Stat. § 15A-1227(c) provides that "[t]he judge must rule on a motion to dismiss for insufficiency of the evidence before the trial may proceed." N.C. Gen. Stat. § 15A-1227(c) (2007). Here, the trial judge deferred ruling on defendants' motions to dismiss at the close of all the evidence. Although defendants did not properly object to the reservation of ruling, "[w]hen a trial court acts contrary to a statutory mandate, no objection is necessary to preserve the error." *State v. Golphin*, 352 N.C. 364, 411, 533 S.E.2d 168, 202 (2000) ("statutory violations, regardless of objections at the trial court, are reviewable").

To establish reversible error, a defendant must show "a reasonable possibility that had the error not been committed a different result would have been reached at the trial." *State v. Childress*, 321 N.C. 226, 232-33, 362 S.E.2d 263, 267 (1987) (citing N.C. Gen. Stat. § 15A-1443; *State v. Billups*, 301 N.C. 607, 616, 272 S.E.2d 842, 849 (1981)).

Defendants contend that if the trial court had ruled on their motions before the jury verdict, then the court's decision would not be appealable under § 15A-1445(a). N.C. Gen. Stat. § 15A-1445(a)(1) grants the State a right to appeal when there is a judgment or decision dismissing criminal charges as to one or more counts, unless "the rule against double jeopardy prohibits further prosecution." N.C. Gen. Stat. § 15A-1445(a)(1) (2007).

In *State v. Murrell*, this Court held that double jeopardy barred the State's appeal of a dismissal at the close of all the evidence, 54 N.C. App. 342, 344, 283 S.E.2d 173, 174 (1981). Double jeopardy protects against "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Sparks*, 182 N.C. App. 45, 48, 641 S.E.2d 339, 341 (2007) (quoting *State v. Monk*, 132 N.C. App. 248, 252, 511 S.E.2d 332, 334 (1999)). When a motion to dismiss for insufficient evidence is granted, that judgment has the "force and effect of a verdict of not guilty as to such defendant . . . ." *Murrell*, 54 N.C. App. at 344, 283 S.E.2d at 174, (internal quotations omitted) (quotation omitted). A verdict of not guilty is the

same as an acquittal. *State v. Allen*, 144 N.C. App. 386, 388, 548 S.E.2d 554, 555 (2001) (dismissal of charges based on insufficiency of the evidence is an acquittal for the purposes of the Double Jeopardy Clause). A dismissal granted before a jury verdict bars appeal because a reversal on appeal would subject the defendant to a new trial. *Id.*, 144 N.C. App. at 388, 548 S.E.2d at 555. By contrast, in the case *sub judice*, dismissal after a jury verdict is appealable because the defendant would not be subject to re-trial if the dismissal is reversed on appeal.

Defendants presume that if the court ruled on their motions to dismiss at the close of all the evidence as mandated, the trial judge would have ruled as he did after the jury verdicts and dismissed the charges.

To determine whether or not the error was prejudicial, the issue is whether there is a reasonable possibility that the trial court would have granted defendants' motions to dismiss. N.C. Gen. Stat. § 15A-1443(a) (2007).

This case seems to be a case of first impression since there are no North Carolina cases examining the issue of whether an error resulting in an appealable verdict was prejudicial to defendants. However, in *State v. Garnett*, 4 N.C. App. 367, 167 S.E.2d 63 (1969), *overruled on other grounds by State v. Barnes*, 324 N.C. 539, 540-41, 380 S.E.2d 118, 119-20 (1989), this Court addressed a similar issue. In *Garnett*, the defendant appealed his conviction, *inter alia*, based on the trial court's failure to rule on his motion to dismiss at the close of all the evidence. *Garnett*, 4 N.C. App. at 371, 167 S.E.2d at 65. The trial court "did not specifically rule upon this latter motion but submitted the case to the jury. Judges should rule on each motion for nonsuit. However, under the circumstances presented here, there was no prejudicial error . . . ." *Id.* Because there was "ample evidence" against the defendant to withstand the motion, this Court held no prejudicial error. *Garnett*, 4 N.C. App. at 371, 167 S.E.2d at 66.

In the instant case, the trial judge denied defendants' motions to dismiss at the close of the State's evidence. Hernandez declined to present any evidence, and at the close of all the evidence, defendants again moved to dismiss for insufficient evidence:

THE COURT: All right. At this stage of the trial is there anything that either party would have the Court to consider?

**STATE v. HERNANDEZ**

[188 N.C. App. 193 (2008)]

| | |
|---|---|
| MR. KIELMANOVICH: | Nothing from the State, Your Honor. |
| MR. HOWLAND: | Motion to dismiss at the close of all the evidence, Your Honor. |
| MR. HECKART: | And I would also make the same motion, Your Honor. |
| THE COURT: | It's a close case. But let's see what the jury will do. |
| MR. HECKART: | All right. Very well, sir. |
| THE COURT: | Let's see what the jury will do with it. |
| MR. HECKART: | Very well. |
| THE COURT: | Let the record reflect that the defendants object and except to the Court's ruling at this stage. The ruling of the Court is that the Court will reserve its ruling on this until after the jury returns. |

After the jury returned the verdicts, defendants moved for a judgment notwithstanding the verdict and renewal of their earlier motions to dismiss. The trial court judge expressed his thoughts about the jury verdicts, stating "I think they're wrong. I think they're wrong . . . I wanted to see what they would do with the case . . . . [T]he judgment of the Court that [sic] the motion to dismiss at the close of all the evidence is granted."

The judge's comments both before and after the jury verdicts suggest that the judge would have denied the motions had he ruled before the verdicts. Only if there was a reasonable possibility that their pre-verdict motions would be granted would the error be considered prejudicial error. Here, it is more likely that the court would have denied the motion, since the trial court denied earlier motions to dismiss and deferred ruling on the motions made at the close of all the evidence in order to "see what [the jury] would do." Furthermore, we conclude there is sufficient evidence in the record to withstand a motion to dismiss and the court's error was not prejudicial error.

The case is remanded with an order to the trial court to reinstate the jury's verdicts and sentence the defendants accordingly.

Reversed and remanded.

Judges GEER and JACKSON concur.