IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA14-1020

 Filed: 19 May 2015

Union County, No. 11 CRS 050840

STATE OF NORTH CAROLINA

 v.

ALEKSANDR SERGEYEVICH KISELEV

 Appeal by the State of North Carolina from order entered 2 June 2014 by Judge

Tanya T. Wallace in Union County Superior Court. Heard in the Court of Appeals 4

February 2015.

 Attorney General Roy Cooper, by Assistant Attorney General Teresa M. Postell,
 for the State.

 Appellate Defender Staples Hughes, by Assistant Appellate Defender Paul M.
 Green, for defendant-appellee.

 DIETZ, Judge.

 At the close of the evidence in Defendant Aleksandr Sergeyevich Kiselev’s

criminal trial for driving while impaired, Kiselev moved to dismiss for insufficient

evidence. The trial court determined that it needed to review the transcript of certain

trial testimony by the arresting officer before ruling on the motion. While waiting for

the court reporter to prepare the transcript, the trial court permitted the jury to begin

deliberations.
 STATE V. KISELEV

 Opinion of the Court

 The parties concede that the trial court’s decision to take Kiselev’s motion

under advisement and permit the jury to deliberate was error. By statute, when a

defendant moves to dismiss based on insufficient evidence, the trial court “must rule

on a motion to dismiss for insufficiency of the evidence before the trial may proceed.”

N.C. Gen. Stat. § 15A-1227(c) (2013).

 Shortly after the jury returned a guilty verdict, the court reporter completed

preparation of the transcript and the trial court reviewed it. The court then granted

Kiselev’s motion to dismiss, explaining that the transcript showed the State had not

met its burden of proof as a matter of law. The State appealed, and Kiselev moved to

dismiss the appeal.

 As explained below, double jeopardy prevents the State from appealing the

grant of a motion to dismiss for insufficient evidence if it comes before the jury verdict.

But the State can appeal that ruling if it comes after the verdict (because, if the State

prevails, the trial court on remand can enter judgment consistent with the jury

verdict without subjecting the defendant to a second trial). This is why the General

Assembly enacted § 15A-1227(c), which prohibits trial courts from reserving

judgment on these motions until after the verdict, to the defendant’s detriment.

 In an earlier case, this Court held that a violation of § 15A-1227(c) is prejudicial

if the defendant can show that the trial court would have ruled in his favor had the

court ruled at the proper time. See State v. Hernandez, 188 N.C. App. 193, 205, 655

 -2-
 STATE V. KISELEV

 Opinion of the Court

S.E.2d 426, 434 (2008). Kiselev made that showing here; the trial court stated on the

record that its ruling turned on what was in the transcript (which would not have

changed) and further explained that the ruling should be treated as having been

made before the jury returned its verdict.

 Consistent with Hernandez, we hold that a trial court’s violation of § 15A-

1227(c) that prejudices a defendant precludes an appeal by the State. Had the trial

court complied with the law, no appeal would be possible. Our only remedy for this

prejudicial error is to return the parties to the position they would be in absent that

error—meaning the State is not permitted to appeal. Accordingly, we dismiss this

appeal and let the trial court’s grant of the motion to dismiss stand as if it were

rendered before the jury returned a verdict, as the law required.

 Facts and Procedural History

 In the early morning hours of 7 February 2011, Deputy Allen Nolan observed

Defendant Aleksandr Sergeyevich Kiselev driving north on a highway in Union

County. Kiselev approached an intersection, stopping at a red light. He remained

stationary the entire time the light was green, then accelerated to drive through the

intersection once the light turned yellow.

 As Kiselev continued driving, his speed fluctuated between 40 and 50 miles per

hour in a 45-mile-per-hour zone. He weaved in his lane of travel. On three separate

 -3-
 STATE V. KISELEV

 Opinion of the Court

occasions, Kiselev crossed the center double yellow lines with both of his driver’s-side

tires.

 Based on these observations, Deputy Nolan activated his patrol lights, and

Kiselev pulled into a grocery store parking lot. When Deputy Nolan approached

Kiselev’s vehicle to request his license and registration, he noticed an odor of alcohol.

Deputy Nolan also observed that Kiselev’s eyes were red and glassy. Kiselev

admitted that he had been drinking earlier that evening.

 Deputy Nolan then asked Kiselev to step out of his car and perform field

sobriety tests. Kiselev passed most of the tests, but when asked to recite the alphabet,

Kiselev twice made the identical mistake—leaving out the letter “Y” when reciting

the alphabet from “A” to “Z.” Kiselev was born in Russia and speaks both Russian

and English. He later explained that he mistakenly left out the letter “Y” because of

confusion between the English alphabet and the Russian one. Kiselev also did not

count out loud as Deputy Nolan had instructed during the walk-and-turn test,

although he properly performed the other portions of the walk-and-turn test. Based

on his observations of the sobriety tests, Deputy Nolan placed Kiselev under arrest.

 The State ultimately charged Kiselev with driving while impaired. In Union

County District Court, Kiselev pleaded not guilty but stipulated to facts sufficient to

convict him of the crime. The district court found Kiselev guilty and sentenced him

 -4-
 STATE V. KISELEV

 Opinion of the Court

to 120 days unsupervised probation, with a condition that he serve two days in

custody. Kiselev appealed to Superior Court.

 In Union County Superior Court, Kiselev waived formal arraignment and the

matter was calendared for a jury trial. At trial, Deputy Nolan testified for the State,

recounting the night he arrested Kiselev and offering his opinion “[t]hat [Kiselev’s]

mental and physical faculties were impaired by an impairing substance . . . of

alcohol.” At the close of the State’s evidence, Kiselev moved to dismiss, arguing that

the State failed to present an “adequate showing as to appreciable impairment.” The

trial court denied this motion. Kiselev then testified on his own behalf, and the State

recalled Deputy Nolan for rebuttal evidence.

 At the close of all evidence, Kiselev again moved to dismiss the charge against

him for insufficient evidence. The trial court called counsel to the bench and indicated

that the court had a concern about Deputy Nolan’s testimony. The court then

informed counsel that it would hold the motion “open under advisement” pending

preparation of a portion of the transcript that the court needed to review before ruling

on the motion. Neither Kiselev nor the State objected to the trial court’s decision to

defer ruling on the motion.

 Although the trial court had not yet ruled on Kiselev’s motion to dismiss

because it was awaiting a copy of the transcript, the trial court charged the jury and

let them begin deliberations. The jury returned a guilty verdict later that day.

 -5-
 STATE V. KISELEV

 Opinion of the Court

 By the following day, the court reporter had prepared the portion of the

transcript requested by the trial court. The court and the parties reviewed the

transcript and the court heard additional argument on Kiselev’s still-pending motion

to dismiss. Noting that the proceedings were “[s]omewhat out of order,” the trial

court explained that it deferred ruling on the motion because “the Court had a concern

which the Court believed was not hers to share, that the officer had not particularly

stated appreciable impairment in his opinion, and had left out the term appreciably.”

The State responded that there was evidence in the record sufficient to show

appreciable impairment, but the trial court rejected that argument:

 [T]he Court also notes that under that argument, as long
 as I take it there was an odor, the requisite driving, and
 something noticeable to the officer; such as red glassy eyes,
 under that argument, that would be noticeable
 impairment, and therefore that no opinion would be
 necessary, and the Court can’t go that far.

The trial court announced its ruling, explaining that it was “allow[ing], however

belatedly, the defendant’s motion . . . at the close of all the evidence” and dismissing

all charges against Kiselev. The State appealed the trial court’s ruling on Kiselev’s

motion to dismiss.

 Analysis

 The dispositive issue in this appeal is whether the State has any right to

appeal. Indeed, Kiselev’s appellate brief does not even address the merits of the trial

court’s ruling on the motion to dismiss. Kiselev’s only argument is that the State has

 -6-
 STATE V. KISELEV

 Opinion of the Court

no right to appeal under the circumstances present in this case. For the reasons

discussed below, we agree with Kiselev and dismiss this appeal.

 The State may appeal an adverse ruling in a criminal prosecution only in

narrow circumstances authorized by statute. See State v. Scott, 146 N.C. App. 283,

285, 551 S.E.2d 916, 918 (2001), rev’d on other grounds, 356 N.C. 591, 573 S.E.2d 866

(2002). Section 15A-1445(a)(1) of our General Statutes authorizes an appeal by the

State “[w]hen there has been a decision or judgment dismissing criminal charges as

to one or more counts,” but not if “the rule against double jeopardy prohibits further

prosecution.” N.C. Gen. Stat. § 15A-1445(a)(1) (2013).

 Ordinarily, if a criminal defendant is subjected to a trial and then has the

charges against him dismissed before the jury returns a verdict, the State cannot

appeal. In that circumstance, a reversal on appeal would require a new trial (because

there was no jury verdict), thus subjecting the defendant to a second trial for the same

offense in violation of the double jeopardy clause of the U.S. Constitution. See State

v. Murrell, 54 N.C. App. 342, 344-45, 283 S.E.2d 173, 174 (1981).

 But where a motion to dismiss is granted after a jury renders a guilty verdict,

reversal of the ruling on appeal does not implicate the double jeopardy clause. On

remand after reversal, the trial court can simply enter judgment in accordance with

the jury’s verdict, without subjecting the defendant to a second trial.

 -7-
 STATE V. KISELEV

 Opinion of the Court

 As a result of these timing issues, it is in the State’s interest, and against the

criminal defendant’s interest, for a trial court to defer ruling on a motion to dismiss

until after the jury returns its verdict. This is a common practice in civil trials, where

the court will take a motion for directed verdict under advisement and wait to see

what the jury does. Recognizing the potential injustice of this practice in criminal

cases, the General Assembly prohibits it. Section 15A-1227(c) of the General Statutes

states that the trial court “must rule on a motion to dismiss for insufficiency of the

evidence before the trial may proceed.” N.C. Gen. Stat. § 15A-1227(c).

 It is undisputed in this case that the trial court violated this statutory mandate

and impermissibly permitted the trial to proceed without first ruling on the motion

to dismiss.1 But that does not end our inquiry. To resolve this appeal, we must also

determine whether that error prejudiced Kiselev and what remedy, if any, is available

to him as a result of that violation.

 With regard to prejudice, our analysis is controlled by State v. Hernandez, 188

N.C. App. 193, 204, 655 S.E.2d 426, 433 (2008), which established the test for whether

a violation of § 15A-1227(c) prejudiced the defendant. Hernandez involved a nearly

identical procedural history. The defendant moved to dismiss at the close of all the

evidence and, as in this case, the trial court reserved its ruling on the motion until

 1Kiselev did not object to the trial court’s violation of the statute during the trial. But this
Court previously has held that the defendant need not object to a violation of § 15A-1227(c) in order to
preserve the issue for appeal. Hernandez, 188 N.C. App. at 204, 655 S.E.2d at 433.

 -8-
 STATE V. KISELEV

 Opinion of the Court

after the jury deliberated, in violation of § 15A-1227(c). This Court held that “[t]o

determine whether or not the error was prejudicial, the issue is whether there is a

reasonable possibility that the trial court would have granted defendants’ motions to

dismiss” if the trial court had complied with the statute and ruled before sending the

case to the jury. Id. at 205, 655 S.E.2d at 434. The defendants in Hernandez were

unable to show prejudice under that test. Id.

 Here, unlike Hernandez, the record readily demonstrates a reasonable

possibility (indeed, a near certainty) that the trial court would have granted Kiselev’s

motion had it ruled at the proper time. The trial court deferred ruling on the motion

to review a portion of the transcript involving Deputy Nolan’s testimony. That

transcript took time to be prepared, so the trial court permitted the jury to deliberate

in the interim. But in later granting Kiselev’s motion to dismiss after the jury

returned a guilty verdict, the trial court explained that its ruling turned on what it

found in that transcript, and even stated that it considered its ruling as one made “at

the close of all the evidence”:

 [T]his matter came about somewhat under unusual
 circumstances or awkwardly, in that the defendant made a
 general motion to dismiss at both the close of the State’s
 evidence and all the evidence. That in reviewing – it was
 the Court that had a concern which the Court believed was
 not hers to share, that the officer had not particularly
 stated appreciable impairment in his opinion, and had left
 out the term appreciably. However, the Court was not
 absolutely certain of that fact and required the court
 reporter to go over that and indeed print out the relevant

 -9-
 STATE V. KISELEV

 Opinion of the Court

 portions of the officer’s opinion, which the Court does find
 does not state an opinion that the defendant was
 appreciably impaired. . . . So the Court will specifically find
 there was no statement by the officer that the defendant
 was appreciably impaired and will allow, however
 belatedly, the defendant’s motion at the close of – and
 actually I’m going to say at the close of all the evidence,
 because the officer was re-tendered and still didn’t state
 appreciable impairment. So the case is dismissed at the
 close of all the evidence.

 In short, the trial court expressly stated that its ruling turned on a review of

the transcript. Had the court waited on preparation of that transcript without

sending the jury to deliberate, as the law required, the transcript still would have

been the same. Thus, the trial court’s ruling would have been the same.

 Moreover, the trial court expressly indicated that its ruling would have been

the same by stating that it considered the ruling one made “at the close of all the

evidence.” Thus, it is clear that the court was not merely waiting (improperly) to see

what the jury would decide in the case. Accordingly, Kiselev has satisfied his burden

to show prejudice by demonstrating “a reasonable possibility that the trial court

would have granted [his] motion[ ] to dismiss” had the court ruled at the proper time.

Hernandez, 188 N.C. App. at 205, 655 S.E.2d at 434.

 We must now determine what remedy is appropriate—a determination not

made in Hernandez because the Court found no prejudice in that case. We hold that

dismissal of the State’s appeal is the appropriate remedy for a violation of § 15A-

1227(c) that prejudiced the defendant. Dismissal is the only remedy that can do

 - 10 -
 STATE V. KISELEV

 Opinion of the Court

justice on these unique facts. We cannot reverse the trial court’s ruling—the typical

remedy for reversible error—because Kiselev is the appellee and seeks to affirm the

court’s ultimate ruling. But we are unwilling to affirm the trial court’s judgment both

because we have not reached the merits of the trial court’s decision and because we

should not reach the merits. After all, the prejudice to Kiselev in this case is the

State’s ability to appeal the trial court’s decision to this Court in the first place.

 The purpose of remedying prejudicial error in criminal cases is to actually

remedy the prejudice—to provide the defendant with the outcome that would have

resulted had the trial been free of prejudicial error. The only means to do so in this

case is to return the parties to the position they would be in absent that error—which

would preclude any appeal by the State. Accordingly, we remedy the trial court’s

prejudicial error by dismissing this appeal and returning the parties to the positions

they would be in had the trial court complied with the statutory command of N.C.

Gen. Stat. § 15A-1227(c).

 Conclusion

 The trial court violated N.C. Gen. Stat. § 15A-1227(c) by reserving judgment

on the defendant’s motion to dismiss for insufficiency of the evidence until after the

jury returned a verdict. That error prejudiced the defendant by permitting the State

to appeal a ruling that otherwise would be unappealable. We remedy this prejudicial

error by dismissing the appeal.

 - 11 -
 STATE V. KISELEV

 Opinion of the Court

DISMISSED.

Judges STEELMAN and INMAN concur.

 - 12 -