Hoffman v. Edwards

---

STANTON M. HOFFMAN v. RALPH D. EDWARDS, DIRECTOR NORTH CAROLINA DEPARTMENT OF CORRECTION, DIVISION OF PRISONS, OFFICIALLY

No. 7910SC1105

(Filed 2 September 1980)

1. **Habeas Corpus § 2.3; Convicts and Prisoners § 2– prison inmate – complaint within jurisdiction of Inmate Grievance Commission – failure to exhaust administrative remedies – no habeas corpus jurisdiction**

　　The superior court had no jurisdiction to entertain a prison inmate's petition for a writ of habeas corpus where the inmate's grievance concerned a disciplinary hearing and fell within the jurisdiction of the Inmate Grievance Commission, and the record does not show that the inmate filed a

Hoffman v. Edwards

complaint with the Inmate Grievance Commission or that he exhausted his administrative remedies.

2. Habeas Corpus § 2.3; Convicts and Prisoners § 2– prison inmate – grievance – exhaustion of administrative remedies – no conflict with guarantee of habeas corpus

  The statute requiring an inmate to exhaust his administrative remedies before he is entitled to judicial review of a grievance or complaint within the jurisdiction of the Inmate Grievance Commission, G.S. 148-113, does not conflict with constitutional and statutory provisions guaranteeing the privilege of the writ of habeas corpus, Art. I, § 21 of the N.C. Constitution, G.S. 17-1, and G.S. 17-2, since G.S. 148-113 only prescribes the method by which the inquiry into the lawfulness of an inmate's detention is to be conducted.

ON writ of certiorari to review the order of *Martin (John C.)*, *Judge*. Order entered 30 July 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 14 May 1980.

Stanton Hoffman, an inmate of the North Carolina Department of Correction, filed a petition for a writ of habeas corpus alleging that he had been unlawfully and unconstitutionally imprisoned and restrained of his liberty (1) in violation of his Fourteenth Amendment due process rights and (2) in violation of the Department of Correction's own rules and policies.

Hoffman, according to his petition, had been incarcerated at the Rockingham County Prison Unit. On 17 May 1979, he was charged with assault, failure to obey an order, and possession of funds in excess of the authorized amount. An Area Disciplinary Committee convicted Hoffman of these offenses, and as a direct result of the assault conviction, Hoffman was demoted to closed custody and placed in intensive management by a reclassification subcommittee of the Division of Prisons. Since his reclassification, Hoffman has been held in administrative segregation at the Caswell County Prison Unit.

During the disciplinary hearing, no statements were taken from witnesses or given to the investigating officer by Hoffman. He was not given the right to assistance in representation by a member of the staff of his prison unit, the officer appointed to assist him in the preparation of his defense was ineffective, and Hoffman was not given an opportunity to gather evidence on his behalf.

Hoffman v. Edwards

On 30 July 1979, Hoffman filed a motion seeking issuance of a temporary restraining order and a preliminary injunction. The trial court issued a temporary restraining order on the same day and issued writs of habeas corpus *ad testificandum* one day later. On 1 August 1979, the State filed an application for temporary stay of the trial court's order in this Court, which was allowed on the same day. The State also petitioned for a writ of certiorari on 1 August 1979. We issued a writ of certiorari to review the trial court's order on 26 September 1979.

*Attorney General Edmisten, by Special Deputy Attorney General Jacob L. Safron and Associate Attorney Richard L. Kucharski, for the State.*

*Thompson & McAllaster, by Carolyn McAllaster, for respondent appellee.*

ERWIN, Judge.

Respondent Hoffman (original petitioner) sought to invoke the habeas corpus jurisdiction of the trial court pursuant to G.S. 17-7.

G.S. 17-1 provides that "[e]very person restrained of his liberty is entitled to a remedy to inquire into the lawfulness thereof, and to remove the same, if unlawful; and such remedy ought not to be denied or delayed," while G.S. 17-2 provides that "[t]he privileges of the writ of habeas corpus shall not be suspended." These two statutes are the statutory codification of Article I, § 21 of the North Carolina Constitution which provides:

"Sec. 21. *Inquiry into restraints on liberty.* Every person restrained of his liberty is entitled to a remedy to inquire into the lawfulness thereof, and to remove the restraint if unlawful, and that remedy shall not be denied or delayed. The privilege of the writ of habeas corpus shall not be suspended."

Traditionally, the writ of habeas corpus was thought to issue only to ascertain whether the court which imprisoned the

person seeking the relief had jurisdiction of the matter or whether the court had exceeded its power. *In re Burton,* 257 N.C. 534, 126 S.E. 2d 581 (1962); *In re Stevens,* 28 N.C. App. 471, 221 S.E. 2d 839 (1976). Whatever the case may have been, it is clear now that the scope of a court's habeas corpus jurisdiction is much broader.

G.S. 17-33 provides in pertinent part:

"§ 17-33. *When party discharged.* — If no legal cause is shown for such imprisonment or restraint, or for the continuance thereof, the court or judge shall discharge the party from the custody or restraint under which he is held. But if it appears on the return to the writ that the party is in custody by virtue of civil process from any court legally constituted, or issued by any officer in the course of judicial proceedings before him, authorized by law, such party can be discharged only in one of the following cases:

. . . .

(2) Where, though the original imprisonment was lawful, yet by some act, omission or event, which has taken place afterwards, the party has become entitled to be discharged."

This is the provision which respondent Hoffman sought to invoke to activate the trial court's habeas corpus jurisdiction, although United States constitutional violations were alleged. The State raises the argument that the trial court had no jurisdiction to hear Hoffman's petition since Hoffman had failed to exhaust his administrative remedies. We now turn to examine the validity of this argument.

G.S. 148-113 provides:

"§ 148-113. *Judicial review.* — No court shall entertain an inmate's grievance or complaint within the jurisdiction of the Inmate Grievance Commission unless and until the complainant has exhausted the remedies provided in this

section. Upon the final decision of the Secretary of Correction, the complainant shall be entitled to judicial review thereof. Proceedings for review shall be instituted in the General Court of Justice of Wake County, Superior Court Division. Review by the court shall be on the record of the proceedings before the Commission and the Secretary's order, if any, pursuant to such proceedings and shall be limited to a determination of whether there was a substantial basis to support the action or ruling of the Secretary and whether there was a violation of any right of the inmate protected by federal or State constitutional requirements or laws. No judicial review order or judgment provided for in this section shall have the effect of res judicata or collateral estoppel in any action brought by an inmate in a United States District Court."

There is no dispute that Hoffman's grievance falls within the jurisdiction of the Inmate Grievance Commission, and the record does not show that he filed a complaint with the Inmate Grievance Commission or that he exhausted his administrative remedies. We are only allowed to take cognizance of that which is within the record before us. *See Hall v. Hall*, 235 N.C. 711, 71 S.E. 2d 471 (1952); 1 Strong's N.C. Index 3d, Appeal and Error, § 22.1, p. 237. Thus, the essential question becomes whether the trial court had jurisdiction to hear the writ of habeas corpus. Respondent argues that G.S. 148-113 is unconstitutional and refers us to Article I, § 21 of our State Constitution. We hold that G.S. 148-113 is constitutional.

[1] As we have already pointed out, the writ of habeas corpus, as it existed at common law, was not thought to issue to review all deprivations of liberty. It is only through legislative grace that the remedy has been extended. In 1 Strong's N.C. Index 3d, Administrative Law, § 2, p. 63, it is stated: "When the legislature has provided an effective administrative remedy, it is exclusive. The remedy provided by statute for the enforcement of a right created by statute is exclusive, and the party asserting such right must pursue the prescribed remedy, and exhaust his administrative remedies before resorting to the courts." (Footnotes omitted.) *See also Church v. Board of Education*, 31 N.C. App. 641, 230 S.E. 2d 769 (1976), *cert. denied*, 292 N.C. 264, 233

S.E. 2d 391 (1977). Here, the Legislature, which created the remedy, has prescribed the procedure whereby relief is to be attained, *i.e.,* pursuant to G.S. 148-113, and Hoffman must follow it.

**[2]** What effect does G.S. 17-1 and G.S. 17-2 have on our analysis? "Statutes dealing with the same subject matter must be construed in pari materia, and harmonized, if possible, to give effect to each." (Footnotes omitted.) 12 Strong's N.C. Index 3d, Statutes, § 5.4, p. 69. As we construe the statutes, no irreconcilable conflicts exist. The purpose of G.S. 17-1 and G.S. 17-2 is to insure that a remedy is provided to inquire into the lawfulness of respondent Hoffman's restraint. G.S. 148-113 prescribes the method by which the inquiry is to be conducted. The "suspension" of the writ which is prohibited means the denial of the right to demand an investigation into the cause of his detention. *See State v. Towery,* 143 Ala. 48, 39 So. 309 (1905). This respondent has been afforded. Our analysis is supported by the general rule: "Generally, habeas corpus may not be resorted to until all other available remedies for relief have been exhausted. Accordingly, the petitioner must have properly pursued all legal and administrative remedies before a writ of habeas corpus may be employed." (Footnotes omitted.) 39 C.J.S., Habeas Corpus, § 11, pp. 483-84.

Respondent Hoffman argues that we should treat his State habeas corpus petition as an action filed pursuant to 42 U.S.C. § 1983 (as amended 1979). The short answer to this argument is that respondent Hoffman's learned counsel instituted this action in the Superior Court invoking its habeas corpus jurisdiction under G.S. 17-7 and may not now seek to invoke other jurisdictional grounds not pleaded.

**[1]** For the foregoing reasons, we hold that the trial court did not have jurisdiction to issue a writ of habeas corpus prior to respondent's exhaustion of his administrative remedies. Accordingly, we hold that the trial court had no authority to issue the temporary restraining order nor the writs of habeas corpus *ad testificandum.*

The order entered below is

Reversed.

Chief Judge Morris and Judge Clark concur.