STATE OF NORTH CAROLINA v. GARY MALONE RIGGINS

No. 457A86

(Filed 5 November 1987)

1. Criminal Law § 97.1— witness recall after jury deliberating

The trial court did not abuse its discretion in permitting a State's witness to retake the stand after the jury had begun its deliberations and to give further testimony concerning the date of a photographic identification even if the court was unaware that the date given by the witness upon recall was inconsistent with the date given in his prior testimony.

2. Criminal Law § 99.3— permitting witness recall—failure to inform jury of inconsistent testimony—no expression of opinion

The trial judge did not express an opinion as to whether a fact was proven when he permitted a recalled witness to present new testimony about the date of a photographic identification without informing the jury that the testimony was different from the witness's earlier sworn testimony.

DEFENDANT was convicted of first degree rape and first degree kidnapping before *DeRamus, Jr., J.*, at the 21 April 1986 Criminal Session of Superior Court, WILKES County. After jury verdict, the judge reduced the first degree kidnapping conviction to second degree kidnapping. Defendant appeals from a sentence of life imprisonment for first degree rape and thirty years imprisonment for second degree kidnapping, to run consecutively. Heard before the Supreme Court 12 October 1987.

*Lacy H. Thornburg, Attorney General, by George W. Boylan, Special Deputy Attorney General, for the State.*

*Malcolm R. Hunter, Jr., Appellate Defender, for defendant-appellant.*

FRYE, Justice.

The sole issue raised by defendant on appeal is whether the trial court committed reversible error when, at the request of the jury, it allowed a State witness to retake the stand without the court acknowledging to the jury that the witness' earlier testimony had been different. We find that the trial court did not err.

Summarily stated, the evidence introduced at defendant's trial showed that on 6 December 1985, defendant knocked on the victim's door in the middle of the night and asked if he could use her telephone because his car was inoperable. The victim did not know defendant but allowed him into the apartment to use the telephone to call his brother. Defendant left after using the telephone and the victim heard him unsuccessfully trying to start his car. He later returned to her apartment and asked if she could help him.

Together they managed to start the car. Defendant thanked the victim and she turned to reenter her apartment. At that time defendant grabbed her from behind and held a gun to her head. Defendant forced her into his car and told her he would "blow her brains out" if she ran away.

Defendant drove three miles from the apartment to a country road where he raped the victim in his car. Defendant immediately became apologetic and drove the victim back to her apartment. There he told her, "I guess you want to kill me." He then handed the victim his loaded gun. She told him she could not do it and gave the gun back. She got out of the car and entered her apartment.

The victim, at the request of her roommate, went to the hospital where the police were called. Some time after the incident, the victim identified defendant from a photographic line-up brought to her house by a police officer. She also pointed out defendant in the courtroom as the person who had abducted and raped her.

[1]  The issue before this Court concerns the following testimony. During defendant's trial, the victim testified on direct examination that she had identified defendant from a photographic line-up at her apartment but *not* on the same day as the 6 December 1985 incident. During his direct examination, Detective Sergeant

Dennis Johnson testified that on 6 December 1985 at about 3:56 p.m. he and another police officer had gone to the victim's residence where she had identified the defendant from a photographic line-up. No inquiry was made as to the inconsistent dates given.

After the jury retired for deliberations, the bailiff returned to the courtroom with a question from the jury. The trial judge then requested that the jurors return to the courtroom. The jury foreman stated that the jury had a question concerning the date the photographic line-up was presented to the victim. The District Attorney then moved that the State be allowed to recall Detective Johnson so that he could repeat his testimony. Defendant's attorney stated there were no objections.

After admonishing the witness that he was still under oath, the trial judge allowed the District Attorney to proceed with his reexamination. This time, Detective Johnson testified that he presented the photographic line-up to the victim at her apartment on 10 December 1985 at 3:56 p.m., a date four days later than the date he had given in his earlier testimony.

Defendant contends the trial judge committed prejudicial error by permitting the further testimony of the State's witness and not acknowledging its inconsistency. We find this contention meritless.

Pursuant to N.C.G.S. § 15A-1226(b), the trial judge is authorized in his discretion to permit any party to introduce additional evidence at any time prior to verdict. We find that the trial judge did not abuse his discretion in the instant case. Defendant did not object to the recalling of Detective Johnson. The testimony in question concerned an incidental aspect of the case and did not involve a necessary element or feature of the State's case in chief, or that of the defendant.

Defendant further asserts that the trial judge was not aware that inconsistent testimony had been given. Thus, defendant argues that the trial judge labored under a misapprehension. In the initial testimony, the victim offered one date and the detective another. When the jury asked to rehear the testimony of the investigating officer concerning the identification, defendant argues that the detective changed his testimony on the date so that it was consistent with that already given by the victim. Because of

this misapprehension under which the trial court labored, the defendant argues that a new trial should be ordered.

Defendant cites *State v. Lang*, 301 N.C. 508, 272 S.E. 2d 123 (1980) to support his contention. In *Lang*, this Court ordered a new trial because the trial judge was under the misapprehension that he could not make the transcript available to the jury after the jury had retired. Because, the defendant argues, the trial judge in the instant case labored under a similar misapprehension that he was unaware that inconsistent evidence had been given defendant too should receive a new trial under the analysis of *Lang*. Defendant then would read *Lang* to direct that, if the trial judge labored under any misapprehension, a new trial should be ordered. Defendant reads *Lang* too broadly.

*Lang* concerns the misapprehension of the judge as to his discretion to make available the transcript to the jury. In *Lang*, there was error because the trial judge refused to exercise his discretion in the erroneous belief that he had no discretion as to the question presented. In the instant case, the trial judge was well aware of his discretionary authority to recall witnesses. Indeed, he exercised that discretion. The trial judge's only misapprehension, if any, was his lack of awareness of the inconsistent dates given by the State's witness upon recall. We decline defendant's invitation to extend *Lang* to such situations.

[2] Additionally, defendant assigns as error the trial judge's failure to acknowledge the inconsistent testimony once it was given. Defendant contends that the court permitted the witness to present new testimony which contradicted his earlier testimony without informing the jury that the testimony was different from earlier sworn testimony; and that by failing to acknowledge a conflict in the evidence and allowing the State's witness to change his testimony without even acknowledging the change, the court expressed an opinion as to whether a fact was proven and thus misled the jury. We disagree.

It is fundamental that it is not the duty of the trial judge to resolve inconsistencies in testimony. This is the sole province of the jury. Doubtful is it that any principle in our system of jurisprudence is more strictly defined than that which separates the functions of the judge from those of the jury.

In *State v. Fogleman*, 204 N.C. 401, 168 S.E. 536 (1933), this Court stated:

> The determination of the facts is the exclusive province of the jury; the elucidation of the law is the exclusive province of the judge; the judge cannot exercise the prerogatives of the jury. The two are separate and distinct, and neither has the right to invade the field of the other.

*Id.* at 404-05, 168 S.E. 2d at 538.

As the sole triers of fact, it was for the jury to compare the earlier and later testimony of Detective Johnson and it was for the jury to draw inferences from any inconsistencies or the existence of conflicts as might appear from the State's reexamination of its witness. Therefore, the judge did not err in failing to call to the attention of the jury the inconsistency in the witness' testimony.

In defendant's trial, we find

No error.