IN THE SUPREME COURT OF NORTH CAROLINA

No. 280A14

11 June 2015

IN THE MATTER OF:  J.C., J.C.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 760 S.E.2d 778 (2014), affirming an amended adjudication order finding neglect entered on 22 October 2013 and a disposition order entered on 15 October 2013, both by Judge Resson Faircloth in District Court, Johnston County, but remanding the adjudication order for correction of  a clerical error.  Heard in the Supreme Court on 16 March 2015.

*Holland & O'Connor, P.L.L.C., by Jennifer S. O'Connor, for Johnston County Department of Social Services, petitioner-appellee.*

*Tawanda N. Foster, Appellate Counsel, Administrative Office of the Courts, Guardian ad Litem Services Division, for appellee Guardian ad Litem.*

*Richard Croutharmel for respondent-appellant-mother.*

PER CURIAM.

The district court made no findings whether respondent mother was able to pay for supervised visitation once ordered.  Without such findings, our appellate courts are unable to determine if the trial court abused its discretion by requiring as a condition of visitation that visits with the children be at respondent mother's expense.  *See Quick v. Quick*, 305 N.C. 446, 452, 290 S.E.2d 653, 658 (1982) (" 'The

purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law.' " (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980))).  We hold that insufficient findings of fact existed here to support meaningful appellate review.  Accordingly, we reverse the decision of the Court of Appeals affirming the disposition order and remand this case to that court for further remand to the trial court with instructions to vacate the portion of the disposition order requiring that respondent mother's visits be "at her expense," and for entry of a new disposition order once the trial court makes the necessary findings of fact.  The remaining issues addressed by the Court of Appeals are not properly before this Court, and the decision of the Court of Appeals as to these matters remains undisturbed.

REVERSED AND REMANDED.