IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-369

No. COA21-404

Filed 17 May 2022

Surry County, Nos. 20 CRS 51069-70, 21 CRS 57

STATE OF NORTH CAROLINA

v.

TODD EMERSON COLLINS, JR., Defendant.

Appeal by Defendant from judgment entered 15 February 2021 by Judge Angela B. Puckett in Surry County Superior Court. Heard in the Court of Appeals 25 January 2022.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General John R. Green, Jr., for the State.*

*Irons & Irons, P.A., by Ben G. Irons, II, for Defendant-Appellant.*

INMAN, Judge.

¶ 1 Defendant-Appellant Todd Emerson Collins, Jr., ("Defendant") was convicted by jury verdict of felony eluding arrest with a motor vehicle and felonious possession of stolen goods after he stole a pickup truck and led police on a high-speed chase. On appeal, Defendant argues: (1) the trial court abused its discretion by allowing the State to reopen its case before the trial court ruled on Defendant's motion to dismiss for insufficiency of the evidence; (2) the trial court erred in denying Defendant's motion to dismiss the charge of felonious possession of stolen goods because the State

failed to prove an essential element of the crime, namely the value of the vehicle; and (3) the trial court abused its discretion and demonstrated judicial bias against Defendant by permitting the State to reopen its case and allowing certain statements in the State's closing argument. After careful review of the record and our precedent, we hold Defendant's trial was free from error.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2        The record below discloses the following:

¶ 3        Around 1:00 a.m. on 10 May 2020, Defendant drove a 2004 Nissan Titan pickup truck from Carroll County, Virginia into Mount Airy, North Carolina, leading Virginia police officers in a high-speed chase. A Surry County Sherriff's Deputy joined the pursuit of the vehicle, which Defendant drove without lights and at speeds of at least 90 mph on a stretch of highway where the speed limit was between 45 and 50 mph. Defendant twice drove the truck over stop sticks deployed by law enforcement. He did not attempt to stop the vehicle after the first set of stop sticks; the vehicle slowed to a stop on the median after the second stop sticks destroyed the truck's tires. Once the truck came to a stop, Defendant exited the vehicle and attempted to flee on foot. Police quickly apprehended and arrested him.

¶ 4        After detaining Defendant, law enforcement contacted the General Manager of Foothills Ford in Pilot Mountain, Robert Sutphin ("Mr. Sutphin"), and confirmed that earlier that same day, the 2004 Nissan Titan pickup truck driven by Defendant had

been removed from the automotive dealership. No one at the dealership had given Defendant permission to take the vehicle.

¶ 5        Ten days later, on 20 May 2020, Defendant was convicted of driving while license revoked. He appealed to the Superior Court.

¶ 6        One month later, on 20 July 2020, while his appeal was pending in Superior Court, Defendant was indicted on charges of felony eluding arrest with a motor vehicle and felonious possession of stolen goods. Defendant's appeal and the felony charges came on for a jury trial on 15 February 2021.

¶ 7        At the close of the State's evidence, defense counsel moved to dismiss all charges against Defendant. In particular, counsel argued the State failed to present evidence of the value of the allegedly stolen vehicle pursuant to N.C. Gen. Stat § 14-71.1 (2021) ("Possessing stolen goods") on the felonious possession of stolen goods charge. The trial court responded:

> Then, [defense counsel], your motion—I see the argument
> that it would not be a felony. It would be a misdemeanor,
> it would not be a felony, as alleged, unless the item could
> be proved to—if it had been stolen, it would be more than
> $1,000.

The trial court asked for the prosecutor's retort and the prosecutor stated he "would . . . simply move to reopen the evidence to put on that testimony, just in case it

becomes an issue later down the road."[1] Defense counsel challenged the State's attempt to recall the witness, reasoning the purpose of the motion to dismiss was not to "signal a mulligan for the State." The trial court replied:

> I do not take that as that. However, in this case, I think
> that in the Court's discretion, that there is no prejudice to
> the Defendant, and the Court will allow that motion. But
> we will note that.

The trial court allowed the State to reopen its case after a lunch break for the jury and delayed ruling on defense counsel's motion to dismiss until then.

¶ 8 The State recalled Mr. Sutphin for a second time. He testified the value of the stolen truck was $6,625 before it was damaged and that the truck had been sold at auction for $1,325 after the chase. The State again rested. Defense counsel renewed the motion to dismiss, and the trial court denied it before closing arguments and before the case was submitted to the jury.

¶ 9 At closing argument, the prosecutor began:

> Truth be told, in a lot of ways, we're kind of lucky. Because
> this case could have turned out very differently. A car
> fleeing law enforcement across state lines, and pushing 100
> miles an hour, is about the quickest way to get somebody
> killed on this road.

---

[1] This was not the first time during the trial the State had recalled its witness, the General Manager of the Foothills Ford in Pilot Mountain, Mr. Sutphin. Earlier in the trial, the prosecutor told the trial court that direct examination of Mr. Sutphin was complete, only to ask the trial court moments later to recall him to ask an additional question to confirm the name of the automotive dealership. The trial court allowed the State to recall Mr. Sutphin without objection from defense counsel.

Defense counsel objected to this portion of the closing, but the trial court overruled it. The State proceeded to illustrate for the jury the potential dangers that Defendant could have inflicted upon anyone on the roads that night:

> All it would have taken is a power line being down and a road crew out there, and all of a sudden, you've got more people in harm's way out there trying to put a power line back up. What if you've got someone who's trying to get back home, and they've got a flat tire on the side of the road. Now they're in harm's way. What if you have people getting off of work at Lowe's Home Improvement, right there on 52. What if you've got people over there getting off work, Pizza Hut right there on 52. The Food Lion, the Roses, any of these stores or businesses that could have been closing, and these folks could be getting off work at that time of day or night. All it would have taken is one mistimed or unlucky swerve after his tires popped, and this could have been a much more tragic situation than it is now. And so, to a degree, we're lucky that we're just here with what we're at.

Defense counsel did not further object to the State's closing. However, in her own closing argument, defense counsel contended the State's arguments contained many "[w]hat[-]ifs."

¶ 10    The jury found Defendant guilty of felonious eluding arrest in a motor vehicle and felonious possession of stolen goods. Following the verdict, Defendant was tried for, and the jury found him guilty of, attaining habitual felon status. The trial court sentenced Defendant to two consecutive prison terms of 105 to 108 months. Defendant gave oral notice of appeal.

## II.  ANALYSIS

### A. Defendant's Motion to Dismiss

#### 1. *The Trial Court Did Not Abuse Its Discretion by Reserving Ruling on the Motion to Dismiss to Allow the State to Reopen Its Case to Introduce New Evidence.*

¶ 11     Defendant contends the trial court abused its discretion by delaying its ruling on Defendant's motion to dismiss for insufficiency of the evidence and allowing the State to introduce new evidence.  We disagree.

¶ 12     We will reverse a trial court's decision to permit a party to introduce additional evidence at any time prior to the verdict only upon a showing of an abuse of discretion. *State v. Wise*, 178 N.C. App. 154, 163, 630 S.E.2d 732, 737 (2006) (citing *State v. Riggins*, 321 N.C. 107, 109, 361 S.E.2d 558, 559 (1987)).

¶ 13     Our General Statutes provide: "The judge in his [or her] discretion may permit any party to introduce additional evidence *at any time prior to verdict*."  N.C. Gen. Stat. § 15A-1226(b) (2021) (emphasis added).  Subsection 15A-1227(c) further provides: "The judge must rule on a motion to dismiss for insufficiency of the evidence before the trial may proceed."  N.C. Gen. Stat. § 15A-1227(c) (2021).  Defendant interprets Subsection 15A-1227(c) to preclude the trial court from postponing ruling on Defendant's motion for insufficiency of evidence to allow the State to reopen the case and introduce new evidence.  Though these sections deal with different procedural mechanisms at trial, assuming *arguendo* they conflict in some way, they

"must be construed in pari materia, and harmonized, if possible, to give effect to each." *Hoffman v. Edwards*, 48 N.C. App. 559, 564, 269 S.E.2d 311, 313 (1980) (citation omitted).

¶ 14        In general, "[i]t is the trial judge's duty to supervise and control the trial, including the manner and presentation of evidence, matters which are largely left to his [or her] discretion." *State v. Lowery*, 318 N.C. 54, 70, 347 S.E.2d 729, 740 (1986). Our appellate courts have repeatedly held Subsection 15A-1226(b) allows a trial court to exercise its discretion to permit a party to reopen its case and present evidence—even after the parties have rested—before the case is submitted to the jury. *See, e.g., Riggins*, 321 N.C. at 109, 361 S.E.2d at 559 ("Pursuant to N.C. [Gen. Stat.] § 15A-1226(b), the trial judge is authorized in his [or her] discretion to permit any party to introduce additional evidence at any time prior to verdict."); *Wise*, 178 N.C. App. at 163, 630 S.E.2d at 737 (holding the trial court did not err by allowing the State to reopen its case and present additional evidence of the defendant's release date after the parties had rested but before the case was presented to the jury). "This Court has long recognized that the trial court has the discretion to allow either party to recall witnesses to offer additional evidence, even after jury arguments." *State v. Goldman*, 311 N.C. 338, 350, 317 S.E.2d 361, 368 (1984) (citation omitted); *see also State v. Revelle*, 301 N.C. 153, 161, 270 S.E.2d 476, 481 (1980) ("[N.C. Gen. Stat. §] 15A-1226(b) specifically provides the trial judge may exercise his [or her] discretion to

permit any party to introduce additional evidence at any time prior to the verdict. This is so even after arguments to the jury have begun and even if the additional evidence is testimony from a surprise witness." (citations omitted)), *disapproved on other grounds by State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988).

¶ 15        Harmonizing the statutes and giving each full effect, *Hoffman*, 48 N.C. App. at 564, 269 S.E.2d at 313, Subsection 15A-1227(c) of our General Statutes, which mandates the trial court shall rule on a motion to dismiss for insufficiency of the evidence "before the trial may proceed," does not alter or minimize the trial court's discretion to allow for recall of a witness or further presentation of evidence *before the jury returns a verdict* pursuant to Subsection 15A-1226(b). The Criminal Code Commission Commentary to Subsection 15A-1227(c) explains: "the practice of reserving decision on a motion is little followed at present in North Carolina—and ought not to be encouraged. [The Commission] therefore amended a draft provision based on the procedure of another jurisdiction, authorizing reservation of decision on the motion to dismiss, to bar such a procedure." Criminal Code Comm'n Commentary, § 15A-1227(c) Editors' Notes. Our precedent supports this reading. This Court has held trial courts violate Subsection 15A-1227(c) when the trial court reserves ruling on a motion to dismiss until *after the jury returned a verdict. See State v. Kiselev*, 241 N.C. App 144, 151, 772 S.E.2d 465, 470 (2015) ("The trial court violated N.C. Gen. Stat. § 15A-1227(c) by reserving judgment on the defendant's

motion to dismiss for insufficiency of the evidence until after the jury returned a verdict."); *State v. Hernandez,* 188 N.C. App. 193, 204, 655 S.E.2d 426, 433 (2008) (considering whether the trial court's reservation of ruling on motions to dismiss at the close of all evidence until after the jury returned its verdict amounted to prejudicial error).

¶ 16    Here, after the State rested for the first time, defense counsel moved to dismiss the charge of felonious possession of stolen goods because the State had not presented evidence that the allegedly stolen truck was valued in excess of $1,000. *See* N.C. Gen. Stat. §§ 14-71.1, 72(a) (2021) (providing the offense is not a felony unless the value of the stolen property is more than $1,000). The State moved to reopen its case, and the trial court, within its discretion, allowed Mr. Sutphin to testify to the value of the stolen truck. The State again rested and the trial court denied Defendant's motion to dismiss. In doing so, the trial court reserved ruling on Defendant's motion to dismiss until the State again rested but before closing arguments and before the jury began its deliberation. *Cf. Kiselev,* 241 N.C. App at 151, 772 S.E.2d at 470. We hold the trial court did not abuse its discretion in delaying its ruling on Defendant's motion to dismiss and allowing the State to reopen its case.

### 2. *The Trial Court Did Not Err in Denying Defendant's Motion to Dismiss for Insufficiency of the Evidence.*

¶ 17     We now consider whether the trial court erred in ultimately denying Defendant's motion to dismiss the charge of felonious possession of stolen goods. We hold it did not.

¶ 18     We review a trial court's denial of a motion to dismiss *de novo*, *State v. Cox*, 367 N.C. 147, 151, 749 S.E.2d 271, 275 (2013) (citation omitted), to determine whether there was "substantial evidence (1) of each essential element of the offense charged, and (2) that defendant is the perpetrator of the offense," *State v. Key*, 182 N.C. App. 624, 628-29, 643 S.E.2d 444, 448 (2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 629, 643 S.E.2d at 448. "When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *State v. Miller*, 363 N.C. 96, 98, 678 S.E.2d 592, 594 (2009).

¶ 19     Defendant challenges the State's failure to prove one element of the felonious possession of stolen goods charge, that the value of the vehicle was more than $1,000. *See* § 14-71.1; *State v. Phillips*, 172 N.C. App. 143, 145, 615 S.E.2d 880, 882 (2005). Viewing the evidence, including Mr. Sutphin's testimony that the value of the truck was $6,625 before it was damaged and $1,325 after the chase when it sold at auction, in the light most favorable to the State, *Miller*, 363 N.C. at 98, 678 S.E.2d at 594, the State presented substantial evidence of the value of the vehicle. *See State v.*

*Williams*, 65 N.C. App. 373, 375, 309 S.E.2d 266, 267 (1983) ("[W]here a merchant has determined a retail price of merchandise which [she/]he is willing to accept as the worth of the item offered for sale, such a price constitutes evidence of fair market value sufficient to survive a motion to dismiss.") We hold the trial court did not err in denying Defendant's motion to dismiss this charge.

**B. Judicial Bias and Abuse of Discretion**

¶ 20    Defendant asserts that the trial court abused its discretion and demonstrated judicial bias against Defendant because it: (1) permitted the State to recall a witness twice, once after defense counsel moved to dismiss the charges; and (2) allowed the State to argue in closing "that the careless and reckless driving if attributed to [Defendant] could have resulted in the death of people." Defendant's arguments are without merit.

### 1. *The Trial Court Did Not Abuse its Discretion in Overruling Defendant's Objection to the State's Closing Argument.*

¶ 21    We review the trial court's decision to overrule defendant's timely objection to a closing argument for abuse of discretion. *State v. Murrell*, 362 N.C. 375, 392, 665 S.E.2d. 61, 73 (2008). A trial court abuses its discretion "if the ruling could not have been the result of a reasoned decision." *State v. Jones*, 355 N.C. 117, 131, 558 S.E.2d 97, 106 (2002) (quotation marks and citations omitted). "We first determine if the remarks were improper and then determine if the remarks were of such a magnitude

that their inclusion prejudiced defendant." *State v. Copley*, 374 N.C. 224, 228, 839 S.E.2d 726, 729 (2020) (quotation marks and citations omitted). Where there is no objection, on the other hand, we consider whether the remarks were "so grossly improper that the trial court erred in failing to intervene *ex mero motu*." *State v. Trull*, 349 N.C. 428, 451, 509 S.E.2d 178, 193 (1998). The trial court must intervene during closing arguments if "the argument strays so far from the bounds of propriety as to impede defendant's right to a fair trial." *State v. Atkins*, 349 N.C. 62, 84, 505 S.E.2d 97, 111 (1998). A prosecutor may argue "all the facts in evidence as well as any reasonable inferences that may be drawn from those facts." *State v. Riley*, 137 N.C. App. 403, 413, 528 S.E.2d 590, 597 (2000) (citing *State v. Monk*, 286 N.C. 509, 212 S.E.2d 125 (1975)); *see also State v. Phillips*, 365 N.C. 103, 135, 711 S.E.2d 122, 145 (2011). Pursuant to our General Statutes, during closing argument an attorney:

> . . . may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice. An attorney may, however, on the basis of his analysis of the evidence, argue any position or conclusion with respect to a matter in issue.

N.C. Gen. Stat. § 15A-1230(a) (2021).

¶ 22        Here, defense counsel only objected to the first few sentences of the State's closing argument:

> Truth be told, in a lot of ways, we're kind of lucky. Because this case could have turned out very differently. A car fleeing law enforcement across state lines, and pushing 100 miles an hour, is about the quickest way to get somebody killed on this road.

The trial court immediately overruled the objection.

¶ 23      In *State v. Williams*, 201 N.C. App. 103, 685 S.E.2d 534 (2009), this Court held the following prosecutorial statements were proper:

> I want you to remember one thing; and that is, he ought to thank his lucky stars every day that he's not sitting over here looking at the death penalty jury, because had that gun discharged and hit one of those victims or gone through that wall and hit that child, this would be a completely different situation. No matter what happens to him today is his lucky day.

*Williams*, 201 N.C. App. at 106, 685 S.E.2d at 537. Here, as in *Williams*, it was reasonable for the prosecutor to infer and then argue that Defendant's flight from police, driving at extremely high speeds without headlights, could have killed someone. We hold the trial court did not abuse its discretion by overruling Defendant's objection to this portion of the State's closing argument. *See Jones*, 355 N.C. at 131, 558 S.E.2d at 106. As to the remainder of the prosecutor's argument, Defendant has failed to show the trial court's failure to intervene *ex mero motu* interfered with Defendant's right to a fair trial. *See Atkins*, 349 N.C. at 84, 505 S.E.2d at 111.

### 2. *No Judicial Partiality*

¶ 24        Without pointing us to caselaw or specific misconduct, Defendant alleges the trial court "guided the State to convictions in this case," abused its discretion, and violated Defendant's constitutional rights. We detect no partiality below.

¶ 25        "The law imposes on the trial judge the duty of absolute impartiality." *Nowell v. Neal*, 249 N.C. 516, 520, 107 S.E.2d 107, 110 (1959). The trial court also has the duty to supervise and control a trial, including testimony of witnesses, to ensure justice for all parties. *State v. Agnew*, 294 N.C. 382, 395, 241 S.E.2d 684, 692 (1978). "The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury," and, "[i]n instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved and shall not be required to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence." N.C. Gen. Stat. §§ 15A-1222, 1232 (2021).

¶ 26        We review claims of judicial bias by considering the totality of the circumstances. *State v. Fleming*, 350 N.C. 109, 126, 512 S.E.2d 720, 732 (1999). Considering the totality of the circumstances of the trial court's actions which form the basis of Defendant's assignment of error, Defendant has failed to establish prejudicial error.

¶ 27        First, we have already held the trial court did not abuse its discretion in reserving ruling on Defendant's motion to dismiss and allowing the State to reopen

its case and recall a witness on two separate occasions. Second, as we have also held, the trial court did not abuse its discretion in overruling defense counsel's objection to a portion of the prosecutor's closing argument nor did it err in failing to intervene by its own volition in the remainder of the closing. Further, the trial court did not make any improper comments in front of the jury. *See* §§ 15A-1222, 1232.

¶ 28      We hold Defendant has failed to demonstrate prejudicial error and we reject his claim of partiality. *See Fleming*, 350 N.C. at 125-30, 512 S.E.2d at 732-35 (holding no prejudicial error or partiality where the defendant alleged 39 instances in which the trial court intervened and interjected during jury selection, witness testimony, prosecutorial questioning, and objections during trial).

## III. CONCLUSION

¶ 29      For the foregoing reasons, we hold Defendant has failed to demonstrate error or that he is entitled to a new trial.

NO ERROR.

Judges DIETZ and HAMPSON concur.